THOMPSON, Judge.
This is an appeal from a final judgment holding that appellee was not bound by the terms of a covenant not to compete contained in his employment contract with appellant and reserving jurisdiction to award an attorney’s fee to appellee. We affirm in part and reverse in part.
There was competent substantial evidence to support the trial court’s finding that the employment contract had terminated some two years before appellee actually left appellant’s employ, and thus there was no error in the court’s ruling that ap-pellee was not bound by the terms of the contract.
However, the trial court did err in retaining jurisdiction to consider appellee’s prayer for attorney’s fees. The only possible basis for an award of attorney’s fees in this case is § 57.105, Fla.Stat., which provides that the court may award attorney’s fees if it finds that there was a “complete absence of a justiciable issue of either law or fact raised by the losing party.” In order to make an award of attorney’s fees under § 57.105, the court must find that the action is clearly devoid of merit both on the facts and the law, and that the action is so untenable as to be properly labeled “frivolous.” Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), pet. for review denied, 392 So.2d 1373 (Fla.1980). Appellant’s claim herein, although unsuccessful, was clearly not frivolous. Accordingly, the final judgment is modified to delete the reservation of jurisdiction to award attorney’s fees, and, as modified, is affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.