417 So.2d 1070 (1982)
SUWANNEE COUNTY, Florida, Appellant,
v.
Enoch E. GARRISON, Jr., Sara L. Garrison and Enoch E. Garrison, III, Appellees.
No. AE-362.
District Court of Appeal of Florida, First District.
July 29, 1982.
*1071 C. Dean Lewis, Airth, Sellers & Lewis, Live Oak, and Guyte P. McCord, III, Spector, Tunnicliff & McCord, Tallahassee, for appellant.
Edwin B. Browning, Jr., Davis, Browning & Hardee, Madison, for appellees.
LARRY G. SMITH, Judge.
The County appeals an order awarding attorney's fees to appellees, contending that none of the bases for an award of attorney's fees[1] was presented by the County's declaratory judgment action seeking a determination of whether a road across appellees' property had become vested in the County under the provisions of Section 95.361, Florida Statutes.[2] We agree with the County's contentions and reverse.
Section 95.361 makes no provision for an award of attorney's fees in litigation to determine whether a roadway has become dedicated to the public and title vested in a public entity (county, municipality, or state) under its terms. Furthermore, Chapter 86, Florida Statutes (Declaratory Judgments), particularly Section 86.081, providing specifically for the award of costs, makes no provision for, and cannot be expanded to include, attorney's fees. Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528 (Fla. 4th DCA 1975).
In the final judgment the trial court reserved jurisdiction to award attorney's fees, "if applicable." However, neither the final judgment, which was entered pursuant to the jury's verdict, nor the post-judgment order awarding costs and attorney's fees, included any finding or reference to the grounds upon which the award of attorney's fees was based. Appellees assert, however, that attorney's fees were properly awarded because the sovereign power of eminent domain is implicated by the County's actions, in that the County had used portions of appellees' property, and sought by means of the present suit to perfect title to it under Section 95.361. Appellees liken the proceedings below to "inverse condemnation," citing State Road Department v. Bender, 147 Fla. 15, 2 So.2d 298 (1941), and State Road Department v. Lewis, 190 So.2d 598 (Fla. 1st DCA 1966). Assuming, without deciding, that a comparison to these and similar cases may be made under the factual premises urged by appellees, we think such a comparison here is foreclosed for two reasons: First, neither by their answer, nor by their counterclaim or any other pleading filed below, did appellees assert any taking of their property by the County or demand *1072 damages for its use;[3] nor did they claim attorney's fees.[4] Second, the jury verdict (which was in special interrogatory form) conclusively demonstrates that the only issue submitted to and determined by the jury was whether the road was a private road and therefore the property of appellees, or was instead a public road. Appellees' contention that other issues were tried by the express or implied consent of the parties is unavailaing in view of the failure to have these issues submitted to the jury. 32 Fla.Jur. "Trial," § 258. Whether appellees might have been able to make out a case of "taking,"[5] by reason of the County's trespass upon or damage to their property or otherwise, is now moot.
It appears that the action filed by the County in this instance was more in the nature of a proceeding to determine ownership or the right to public use and possession, rather than to acquire appellees' property.[6] There would seem to be no more justification for assessment of attorney's fees against the County for its attempt to clarify the status of the road, in the light of Section 95.361, than there would be to hold that the County must pay attorney's fees to property owners over whose land a roadway is lawfully acquired pursuant to the statute.[7] As stated by the court in State, Department of Transportation v. Florida East Coast Railway Company, supra (footnote 6), title becomes vested under the statute not by adverse possession, "but by a dedication conclusively presumed by law." We see a logical inconsistency in the notion that the public, as recipients of a benefit by "dedication" must nevertheless pay for the privilege by assuming the burden of attorney's fees incurred by those who might contest the dedication. The legislature could, of course, provide for attorney's fees in connection with Section 95.361 dedications, but it has not done so.
Finally, we have considered appellees' suggestion that the trial judge might have based the award of attorney's fees on Section 57.105, Florida Statutes. Aside from our natural reluctance to assume that the trial judge would submit to the jury a case having "a complete absence of a justiciable issue of either law or fact," we observe *1073 that appellees have pointed to no finding by the trial court to support an award under this statute.[8]
For the foregoing reasons, the order appealed is reversed.
ROBERT P. SMITH, Jr., Chief Judge, and WENTWORTH, J., concur.
NOTES
[1] The award of attorney's fees is in derogation of the common law, and is authorized where there is a contractual or statutory provision, or where services have been performed by an attorney in creating or bringing into court a fund or other property. Rivera v. Deauville Hotel Employees Service Corporation, 277 So.2d 265 (Fla. 1973); Kittel v. Kittel, 210 So.2d 1 (Fla. 1967); Polk County v. Deaton, 352 So.2d 571 (Fla. 2nd DCA 1977).
[2] Section 95.361 provides that when a road constructed by a county, municipality, or the state, has been maintained or repaired continuously and uninterruptedly for four years by the governmental entity, the road shall be deemed to be dedicated to the public, and title to the road becomes vested in the public entity.
[3] Kornbluh v. Lowenberg, 401 So.2d 880 (Fla. 3rd DCA 1981).
[4] This court has applied the rule that when attorney's fees are authorized by a statute, they must be specifically claimed in the pleadings. Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977). Other districts have taken the view that it is not essential, but is the better practice, to specifically plead entitlement to attorney's fees under a statute. Autorico, Inc. v. Government Employees Insurance Company, 398 So.2d 485 (Fla. 3rd DCA 1981); Ocala Music & Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980). As indicated, here there is no specific statutory provision for attorney's fees.
[5] For definition of a "taking" see Poe v. State Road Department, 127 So.2d 898, 900 (Fla. 1st DCA 1961); and for further discussion and application in a particular case (state holding over after expiration of lease), see State, Department of Health and Rehabilitative Services v. Scott, ___ So.2d ___ (Fla. 2nd DCA 1982), 7 FLW 1436, opinion filed July 2, 1982.
[6] Based upon the circumstances revealed by the County's complaint and its attachments, it is fair to observe that the action below was taken in response to appellees' closing of the road, and as an alternative to other action, possibly in the nature of injunctive relief.
[7] Cf. State, Department of Transportation v. Florida East Coast Railway Company, 262 So.2d 480 (Fla. 3rd DCA 1972), in which the State, although it claimed a dedication of the right of way sought under Section 337.31 (the predecessor of the present Section 95.361, Florida Statutes), filed a condemnation action, thereby unequivocally invoking the State's power of eminent domain and incurring liability for the landowner's attorney's fees in defending the litigation. See also Estate of Hampton v. Fairchild-Florida Construction Company, 341 So.2d 759 (Fla. 1977), at 761, note 3, pointing out that attorney's fees are awarded in eminent domain cases, regardless of whether the condemnee's land is actually taken. Although the Hampton case is distinguishable (involving dispute between private parties), it is interesting to note the opinion, at 761, discussing and rejecting appellees argument therein that proceedings to establish a statutory way of necessity are in reality eminent domain proceedings, and the comment: "The mere fact that statutes alter rights and remedies known at common law obviously affords no basis for the award of attorney's fees in actions brought under them."
[8] As already noted, the order awarding attorney's fees contained no explanation of the grounds for the award. A finding of no justiciable issue is essential to sustain an award under Section 57.105. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 506 (Fla. 1982); Autorico, Inc. v. Government Employees Insurance Company, supra (footnote 3), at 488; Allen v. Estate of Dutton, 394 So.2d 132, 134 (Fla. 5th DCA 1980).