433 So.2d 15 (1983)
SHERIFF OF ALACHUA COUNTY, Appellant/Cross-Appellee,
v.
Larry HARDIE, Appellee/Cross-Appellant.
No. AO-407.
District Court of Appeal of Florida, First District.
June 1, 1983.
*16 Dennis R. Long, County Atty., Thomas D. MacNamara, Asst. County Atty., Gainesville, for appellant/cross-appellee.
B. Dale Thompson, Gainesville, for appellee/cross-appellant.
PER CURIAM.
In this appeal from a final judgment dismissing a forfeiture proceeding for failure to prosecute and granting a motion for restitution, the appellant (Sheriff) contends that the lower court erred in assessing damages and attorney's fees against his office. Appellee (Hardie) cross-appeals, contending that the amounts awarded both as damages and as attorney's fees were inadequate. We agree with the Sheriff's contention that it was error to award attorney's fees and reverse as to that point only.
Having considered the Sheriff's argument that restitution was improper in this case and Hardie's argument that the award of $1,180.00 for restoration of his 1968 Shelby Ford Cobra was insufficient, we find merit with neither position. A trial court has "inherent power to correct its errors" and may, applying equitable principles, order restitution of property and damages when a judgment is reversed on appeal or when it is vacated or set aside by the trial court. Mann v. Thompson, 118 So.2d 112, 114 (Fla. 1st DCA 1960). If, as in this case, the trial court determines that restitution is necessary to restore the parties to the positions occupied prior to entry of the erroneous judgment, that decision will not be reversed absent a clear showing of abuse of discretion. Id. Because no such showing was made in this case, we affirm the lower court's award of $1,180.00 in damages and $50.00 in costs to Hardie.
The Sheriff next contends that the lower court erred in awarding Hardie $500.00 in attorney's fees; Hardie counters that the award was insufficient. We agree with the Sheriff that the award was erroneous. Attorney's fees may only be awarded if there is a contractual or statutory basis to support such an award. Suwannee County v. Garrison, 417 So.2d 1070, 1071 n. 1 (Fla. 1st DCA 1982). Because there is no contractual basis for fees in this case, the award may stand only if justified under Section 57.105, Florida Statutes (1981), which provides that "[t]he court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party" (e.s.). This court has recently reiterated that "[i]n order to make an award of attorney's fees under § 57.105, the court must find that the action is clearly devoid of merit both on the facts and the law, and that the action is so untenable as to be properly labeled `frivolous.'" All-Brite Sales Co. v. Roderick, 416 So.2d 1202, 1203 (Fla. 1st DCA 1982) (e.s.). Because the lower court failed to make any such finding and, even had it done so, given the record of this case, such a finding would clearly have been erroneous, we reverse that portion of the final judgment awarding attorney's fees to Hardie.
Accordingly, this cause is AFFIRMED in part and REVERSED in part and remanded *17 to the lower court for further proceedings not inconsistent with this opinion.
ERVIN, THOMPSON and WIGGINTON, JJ., concur.