PER CURIAM.
We affirm the final judgment awarding damages to the plaintiffs. Although the record before us amply supports an award of attorney’s fees to the plaintiffs under Section 57.105, Florida Statutes (Supp. 1986), the order assessing such fees contains no express finding, as it must, see Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla.1987); Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), that there was a complete absence of a justiciable issue raised by the defendant, the losing party. Thus, the order on attorney’s fees is technically deficient and must be reversed; the cause is therefore remanded to the trial court to make the appropriate finding based on the record. Apgar & Markham Construction v. Macasphalt, Inc., 424 So.2d 41 (Fla.2d DCA 1982); City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980). See Burger King Corp. v. Mason, 710 F.2d 1480 (11th Cir. 1983) (remand appropriate where trial court fails to make requisite findings to support award under Section 57.105, Florida Statutes).
Affirmed in part; reversed in part and remanded.