535 So.2d 690 (1988)
Jean Pierre RAJSFUS, Appellant,
v.
Anne Texier FABRI, Individually, and Sofram, U.S.A., a Florida Corporation, Appellees.
No. 88-470.
District Court of Appeal of Florida, Third District.
December 27, 1988.
Friedman & Atherton and Jeffrey D. Fisher, Miami, for appellant.
Brian M. Mark, South Miami, for appellees.
*691 Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Rajsfus appeals from an order dismissing his complaint as barred by res judicata. For the reasons which follow, we reverse.
On December 15, 1986, Jean Pierre Rajsfus lent $24,200 to Sofram, U.S.A., and Ann Texier Fabri. Fabri signed a guaranty which listed by check number the four checks Sofram would execute to satisfy its indebtedness.
Sofram's first check to Rajsfus for $5,000 was presented and honored, reducing its indebtedness to $19,200. Sofram's subsequent checks for $5,000 and for $9,200 were returned for insufficient funds. Rajsfus sent Fabri notices of dishonor and, on May 5, 1987, Rajsfus sued Fabri and Sofram on the two dishonored instruments. The court entered a default on June 1, 1987, and entered a final judgment in favor of Rajsfus on October 16, 1987, for $14,200, the sum of the two dishonored checks, plus costs and attorney's fees. Sofram satisfied that judgment.
On June 24, 1987, another check executed by Sofram to Rajsfus for $5,000 was returned because Fabri had stopped payment. On November 19, 1987, Rajsfus sued on that instrument and unsuccessfully moved to consolidate that suit with the earlier action on the dishonored instruments. The trial court dismissed the November, 1987, action on the ground of res judicata.
The trial court erred in dismissing the second action. Res judicata requires four identities between the former and subsequent litigation. "[T]here are four conditions peculiar to res judicata: identity of the thing, the cause of action, the parties, and the quality of the person for or against whom the claim is made." Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955).
Here, the causes of action were different in each lawsuit. Although both suits mentioned the underlying indebtedness of $24,200 and Fabri's guaranty, the actual causes of action were based on separate instruments  separate causes of action which accrued at different times.
Under the Uniform Commercial Code, an action on a dishonored instrument may be maintained on either the instrument or the underlying obligation. Section 673.802(1)(b), Florida Statutes (1987). Rajsfus elected to sue on the instruments. The dishonor of each instrument created a separate cause of action. Each cause of action accrued upon demand following dishonor of the instrument. Section 673.122(3), Florida Statutes (1987).
Rajsfus' cause of action on the $5,000 check on which Sofram had stopped payment did not accrue until June 24, 1987, when he received notice of the stop payment order, after the trial court had entered a default on the first action.
We, therefore, reverse and remand for trial on the merits.
REVERSED AND REMANDED.