564 So.2d 1217 (1990)
PERSONNEL ONE, INC., F/K/a Ad-a-Girl Personnel, Inc., Appellant,
v.
JOHN SOMMERER & COMPANY, P.A., Appellee.
No. 89-2905.
District Court of Appeal of Florida, Third District.
July 31, 1990.
*1218 Lawrence J. Spiegel, Coral Gables, and Mary Jo Rivero, Miramar, for appellant.
Diane J. Sommerer, Coral Springs, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GERSTEN, JJ.
JORGENSON, Judge.
Personnel One, Inc., appeals from an order of final summary judgment and an order awarding attorney's fees. We affirm the order of final summary judgment but reverse the order awarding fees.
In 1987, Financial Guaranty Corporation filed a Statement of Claim against John Sommerer & Company for account stated and unjust enrichment. Financial was the assignee of accounts receivable from Personnel One, Inc. The trial court entered judgment for Sommerer, finding that Financial had not proven its claim. Financial reassigned the account to Personnel. Personnel then sued Sommerer for breach of contract, unjust enrichment, and intentional interference with an advantageous business relationship. Sommerer filed an answer and affirmative defense, claiming that the action was barred by res judicata because of the earlier action between Financial and Sommerer. Sommerer moved for summary judgment; the trial court granted the motion on the ground that res judicata barred the second action. We agree.
The suit brought by Personnel against Sommerer was precluded because it was between the same parties on the same issue decided in an earlier proceeding. The elements of res judicata are identity of the thing sued for, identity of the cause of action, identity of the persons and parties to the action, and identity of quality for or against whom the claim is made. Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955); Rajsfus v. Fabri, 535 So.2d 690 (Fla. 3d DCA 1988). All identities are present in this case. Both suits were brought to recover the same $550 as liquidated damages pursuant to a single contract. The causes of action were identical.[1] Simply recharacterizing a suit for account stated as an action for breach of contract will not obviate the defense of res judicata. See Signo v. Florida Farm Bureau Cas. Ins. Co., 454 So.2d 3 (Fla. 4th DCA 1984). The parties were identical for res judicata purposes, as they were in privity with each other. When Personnel assigned its rights to Financial in the first lawsuit, Financial, as assignee, was entitled to all the beneficial rights, interests, and remedies as Personnel. See Rhyne v. Miami-Dade Water & Sewer Auth., 402 So.2d 54 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 469 (Fla. 1982). For these reasons, we affirm the order of final summary judgment.
We reverse the order awarding attorney's fees. The order does not specify the basis for the award, and we can discern none from the record. Although the contract between the parties provided that Personnel would be entitled to fees if it prevailed in an action to enforce its contract, it does not follow that Sommerer is likewise entitled to fees because it prevailed. *1219 Section 57.105(2) provides for mutuality of contractual attorney's fees. However, the act "is effective only for contracts entered into October 1, 1988 and thereafter." Adler v. Key Financial Svcs., Inc., 553 So.2d 284, 285 (Fla. 3d DCA 1989). The contract between Personnel and Sommerer is dated July 22, 1987; Sommerer is therefore not entitled to fees under section 57.105(2).
Moreover, Sommerer is not entitled to fees under section 57.105(1). To justify an award of fees under section 57.105(1), there must be an express finding by the trial court that there was a complete absence of a justiciable issue raised by the losing party. Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987), Warshaw v. Monroy, 515 So.2d 307 (Fla. 3d DCA 1987). "A summary judgment is rendered upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. This standard is not equivalent to the finding of frivolousness required by section 57.105 for an award of attorney's fees." Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 506 (Fla. 1982). Because the order on appeal contains no such finding, it cannot stand.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] Personnel sought to distinguish the two lawsuits by the addition of the claim for intentional interference with a business relationship. That claim does not lie. Under Florida law, such a cause of action does not exist against one who is a party to the contract allegedly interfered with. Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981), United of Omaha Life Ins. v. Nob Hill Assoc., 450 So.2d 536 (Fla. 3d DCA), rev. denied, 458 So.2d 274 (Fla. 1984).