WOLF, Judge.
Dixie County Sheriffs Department challenges a final order of the circuit court entered upon remand from this court which required appellant to return a 1979 Globes-tar travel trailer to the appellee. Appellant asserts that the trial court erred by ordering the return of this trailer when the trailer had previously been sold while that order of forfeiture was being appealed. We agree and remand to the trial court for entry of an order which can be complied with and which will reasonably restore the parties to the position occupied prior to the *749 entry of the erroneous judgment. See Sheriff of Alachua County v. Hardie, 433 So.2d 15 (Fla. 1st DCA 1983).
On December 20, 1989, appellant was awarded a 1987 Ford van, a 1979 Globestar travel trailer, and $197.18 under the Florida Contraband Forfeiture Act. The final judgment of forfeiture was appealed to this court. On February 5, 1990, the Dixie County Sheriffs Department received notice of appeal in that ease. On April 20, 1990, the sheriffs department disposed of the 1979 Globestar travel trailer. On October 25, 1990, this court affirmed the forfeiture of the 1987 Ford van, but reversed forfeiture of the 1979 Globestar travel trailer. In Re Forfeiture of 1987 Ford Van, 568 So.2d 546 (Fla. 1st DCA 1990). Based upon that opinion, a mandate was issued to the trial court. On January 10, 1991, the trial court held a hearing upon Easton’s motion for an order consistent with the mandate. The order which resulted from that hearing stated in pertinent part:
That while counsel for the Dixie County Sheriffs Department has argued that to order his client to return the 1979 Globestar travel trailer would be to order an impossibility, this Court has no alternative other than to comply with the Mandate of the First District Court of Appeals.
IT IS THEREFORE ORDERED that the Dixie County Sheriffs Department shall return to the Respondent, JAMES W. EASTON, the 1979 Globestar travel trailer, YIN GLT31786, which was previously ordered forfeited in this action.
Appellant argues that this order must be reversed because it cannot be complied with. Appellant also asserts that they should be relieved from all liability for the sale of the trailer because the trailer owner failed to seek a stay during the appeal from the previous order of forfeiture. We agree with the sheriff that the order to return the trailer was erroneous, but disagree that the sheriff is relieved of liability for the sale of the trailer. Appellant sold the van at its own risk while the prior appeal was pending.[1]
Upon a determination that the prior order of forfeiture was erroneously issued, the owner of the property is entitled to the return of the property or relief which would compensate for the loss of the property. Sheriff of Alachua County, supra.
We, therefore, remand to the trial court for further proceedings consistent with the dictates of this opinion.
BOOTH and KAHN, JJ., concur.

. We find no merit in the argument that because appellant’s brief in the prior case was served on the wrong party that the sheriff could assume that the prior appeal was not being pursued. The notice of appeal had been properly served, and there is no evidence that appellant ever received a voluntary dismissal or sought to have the prior appeal dismissed.