611 So.2d 93 (1992)
Albert MICKLER, Appellant,
v.
Fred GRAHAM and Joan Graham, Appellees.
No. 91-1578.
District Court of Appeal of Florida, First District.
December 31, 1992.
*94 William J. Sheppard, Elizabeth L. White, and Michael R. Yokan, of Sheppard & White, Jacksonville, for appellant.
Barry L. Zisser and Nancy N. Nowlis, Jacksonville, for appellees.
SHIVERS, Judge.
Appellant challenges the trial court's Order Taxing Attorney's Fees and Costs. Because the lower tribunal erred in failing to make a finding "that there was a complete absence of a justiciable issue of either law or fact raised" pursuant to the requirements of section 57.105(1), Florida Statutes (1989), the order is deficient and must be reversed and remanded. On remand, the trial court may reimpose those fees only if it makes the necessary findings based on the record. Whitten v. Progressive Casualty Insur. Co., 410 So.2d 501, 506 (Fla. 1982); Hirtreiter v. Donovan, 594 So.2d 342 (Fla. 2d DCA 1992); Harrison v. Rambuski, 567 So.2d 56 (Fla. 2d DCA 1990); Warshaw v. Monroy, 515 So.2d 307 (Fla. 3d DCA 1987); Sheriff of Alachua County v. Hardie, 433 So.2d 15, 16 (Fla. 1st DCA 1983) (statutory award of attorney's fees must be based on finding that the action is clearly devoid of merit on both the facts and law, and is so untenable as to be properly labeled "frivolous"); Suwannee County v. Garrison, 417 So.2d 1070, 1072-73 & n. 8 (Fla. 1st DCA 1982).
REVERSED and REMANDED.
SMITH and KAHN, JJ., concur.