636 So.2d 590 (1994)
BROAD AND CASSEL, a Florida partnership, and Alvin Cassel, Appellants/Cross Appellees,
v.
NEWPORT MOTEL, INC., a Florida corporation, Appellee/Cross Appellant.
No. 93-2507.
District Court of Appeal of Florida, Third District.
May 17, 1994.
Lapidus & Frankel and Richard L. Lapidus, Miami, for appellants/cross appellees.
Norman Malinski, Aventura, for appellee/cross appellant.
Before HUBBART and JORGENSON and GODERICH, JJ.
PER CURIAM.
This is an appeal and cross appeal from an order awarding attorney's fees to the defendants Broad and Cassel and Alvin Cassel under Section 57.105, Florida Statutes (1993), in a legal malpractice action which resulted *591 in a summary judgment for the defendants. We reverse the order under review on the cross appeal and remand for further proceedings upon a holding that the subject order is defective in that it fails to make the requisite statutory finding under Section 57.105, Florida Statutes (1993), that there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff in the action. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 506 (Fla. 1982); Mickler v. Graham, 611 So.2d 93 (Fla. 1st DCA 1992); Hirtreiter v. Donovan, 594 So.2d 342 (Fla. 2d DCA 1992); Harrison v. Rambuski, 567 So.2d 56 (Fla. 2d DCA 1990); Personnel One, Inc. v. John Sommerer & Co., P.A., 564 So.2d 1217, 1219 (Fla. 3d DCA 1990); Warshaw v. Monroy, 515 So.2d 307 (Fla. 3d DCA 1987); Sheriff of Alachua County v. Hardie, 433 So.2d 15, 16 (Fla. 1st DCA 1983); Suwannee County v. Garrison, 417 So.2d 1070, 1072-73 (Fla. 1st DCA 1982); Autorico, Inc. v. Government Employees Ins. Co., 398 So.2d 485, 488 (Fla. 3d DCA 1981).
Given the defective nature of the order under review and our reversal on this point, we need not reach the other issues raised on the main appeal and cross appeal, including whether plaintiff's counsel should have been assessed one half of the attorney's fee award or whether there was, in fact, a complete absence of a justiciable issue of law or fact raised by the plaintiff in the action. These issues will necessarily have to be addressed by the trial court upon remand. Moreover, the plaintiff's counsel may face a potential conflict of interest with the plaintiff, given the defendants' demand that plaintiff's counsel should pay for one half of the attorney's fee, in which event plaintiff's counsel is necessarily bound by our prior pronouncements on this issue. See Khoury v. Estate of Kashey, 533 So.2d 908 (Fla. 3d DCA 1988).
The order under review is reversed, and the cause is remanded to the trial court with directions (1) to decide whether the plaintiff failed to raise a justiciable issue of law or fact in the subject legal malpractice action, and (2) in the event a finding of such frivolousness is made, (a) to enter an order (i) granting the defendants' motion for attorney's fees, (ii) containing the above finding of frivolousness, and (iii) assessing attorney's fees in equal amounts against both the plaintiff and the plaintiff's counsel [unless plaintiff's counsel can make the requisite good-faith statutory showing to absolve himself of any liability for attorney's fees]; or (b) in the event a finding of frivolousness is not made, to enter an order denying the defendants' motion for attorney's fees.
Reversed and remanded.