PER CURIAM.
This is an appeal from a final judgment finding that real property titled to the appellant had been dedicated to public use, and awarding the appellant the fair market value of the dedicated property, as well as attorney’s fees. We affirm the ruling that the property was dedicated to public use, but we reverse the portions of the judgment ordering the County to pay the landowner compensation for the dedicated property and his attorney’s fees, as there was no valid basis for either award.
Columbia County filed the instant action against Underwood to quiet title to certain real property making up part of a roadway within the county limits. Underwood, as personal representative for the estate of one Lucy Jones, was the record titleholder of the property. The County sought a ruling that it had sole title to the property, because the land had been dedicated to public use as a roadway by operation of the state dedication statute. See § 95.361, Florida Statutes (2002).[1]
Following a bench trial, the lower court found that the County had met the prerequisites for dedication of the land under the statute, in that it had constructed the road and had maintained or repaired it continuously and uninterruptedly for more than four years. Therefore, the court' ruled that the property had been dedicated to public use as a county roadway, thus vesting exclusive title to the land in the County. However, despite ruling that the property was dedicated, the court went on to order the County to pay Underwood the fair market value of the land and also to pay his attorney’s fees.
On appeal, Underwood argues that the evidence did not support the ruling that the property was dedicated to public use. However, he has failed to submit an adequate record on appeal for us to review *1227 his claim. He has not included a copy of the trial transcript or any other part of the record below containing evidence relevant to the dedication ruling. In the absence of a sufficient record by which to review Underwood’s argument, we must affirm the trial court’s ruling that the property was dedicated to public use under the statute. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
On cross-appeal, the County argues the trial court erred in ordering it to pay Underwood the fair market value of the dedicated land, as well as his attorney’s fees. Because both of these issues are pure questions of law, the de novo standard of review applies, and we may therefore review the issues despite the absence of a full record on appeal. See Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984).
We agree with the County that there was no authority for either the compensation award or the fee award. Unlike a takings case, in which the property owner is entitled to the fair market value of the land converted to public use, a quiet title action brought under the dedication statute does not allow for payment of compensation for the dedicated property. Nothing in the dedication statute, section 95.361, authorizes a court to award a property owner compensation for dedicated lands. No other statute of which we are aware provides for such an award, either.
Nor is there a statutory basis for an attorney’s fee award to the owner of dedicated property. See § 95.361, Fla. Stat.; Suwannee County v. Garrison, 417 So.2d 1070, 1071 (Fla. 1st DCA 1982). Attorney’s fees may be awarded only if there is a contractual or statutory basis for such an award, see Sheriff of Alachua County v. Hardie, 433 So.2d 15, 16 (Fla. 1st DCA 1983), neither of which was present in the instant case. Moreover, Underwood did not request attorney’s fees in any of the pleadings below, so a fee award would not have been warranted even if it were authorized by statute. See Garrison, 417 So.2d at 1072, n. 4. We must therefore reverse both the compensation award and the attorney’s fee award as having no valid legal basis.
In sum, we affirm the ruling that the property was dedicated to public use, but we reverse the portions of the judgment ordering the County to pay Underwood’s attorney’s fees and compensation for the dedicated property.
Affirmed in part, reversed in part and remanded.
WOLF, C.J., PADOVANO and POLSTON, JJ., concur.

. Section 95.361(1) provides,
When a road, constructed by a county, a municipality, or the Department of Transportation, has been maintained or repaired continuously and uninterruptedly for 4 years by the county, municipality, or the Department of Transportation, jointly or severally, the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether or not the road has been formally established as a public highway. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
(a) The county, if it is a county road;
(b) The municipality, if it is a municipal street or road; or
(c) The state, if it is a road in the State Highway System or State Park Road System,
whether or not there is a record of a conveyance, dedication, or appropriation to the public use.
§ 95.361(1), Fla. Stat. (2002)