DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEDRO J. QUINTANA** and **KARLA S. QUINTANA,**
Appellants,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D20-2384

[March 9, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18-006674.

Randall Shochet of Shochet Law Group, Trenton, for appellants.

Patrick M. Chidnese of Bickford & Chidnese, LLP, Tampa, for appellee.

GERBER, J.

In this first-party homeowners' insurance coverage dispute, the plaintiff insureds appeal from the circuit court's final judgment in the defendant insurer's favor. The circuit court had entered the final judgment in accordance with its earlier order granting the insurer's motion to dismiss based on accord and satisfaction arising from the insureds' alleged pre-suit settlement with the insurer. The insureds argue the circuit court erred by considering the insurer's accord and satisfaction affirmative defense on a motion to dismiss where allegations supporting the affirmative defense did not appear within the four corners of the insureds' complaint.

Applying de novo review, we agree with the insureds' argument, and therefore reverse. *See Underwood v. Columbia County*, 868 So. 2d 1225, 1227 (Fla. 1st DCA 2004) ("Because ... these issues are pure questions of law, the *de novo* standard of review applies, and we may therefore review the issues despite the absence of a full record on appeal."); *see also Horton v. Freeman*, 917 So. 2d 1064, 1066 (Fla. 4th DCA 2006) ("We review orders of dismissal *de novo*.").

As has been well established:

> When considering a motion to dismiss, a [circuit] court is limited to the four corners of the complaint. The court may rule on affirmative defenses if allegations supporting the affirmative defenses appear on the face of the complaint. But if allegations supporting the affirmative defense do not appear within the four corners of the complaint, the court cannot consider the affirmative defense when deciding a motion to dismiss.

*Gabriji, LLC v. Hollywood E., LLC*, 304 So. 3d 346, 348 (Fla. 4th DCA 2020) (citations omitted).

"[A]ccord and satisfaction is an affirmative defense that must be specifically pled." *Wolowitz v. Thoroughbred Motors, Inc.*, 765 So. 2d 920, 923 (Fla. 2d DCA 2000). The accord and satisfaction defense "*requires proof* that the parties mutually intended to effect a settlement of an existing dispute by entering into a superseding agreement ... and ... actual performance with satisfaction of the new agreement." *Id.* (emphasis added; citation and internal quotation marks omitted).

Citing the above legal principles, the insureds correctly argue that the accord and satisfaction affirmative defense "was never pled [by the insurer] in an answer or any responsive pleading. And there was no 'superseding agreement' apparent from the face of the [c]omplaint."

Contrary to the insurer's assertion, the insureds' complaint did not "impliedly incorporate" accord and satisfaction by simply referring to the parties' "dispute." Nor did the insureds' complaint attach or refer to any other documents indicating an accord and satisfaction had occurred.

Our opinion is without prejudice to the insurer raising the accord and satisfaction affirmative defense in an answer and any proper ensuing motion. Our opinion also is without prejudice to the insurer's alternative motion to compel appraisal, which the circuit court did not consider in the first instance after having granted the insurer's motion to dismiss. On all other arguments which the insurer has raised seeking affirmance, we conclude, without further discussion, those arguments lack merit.

*Reversed.*

CIKLIN and FORST, JJ., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*