ON MOTION FOR REHEARING EN BANC
DAUKSCH, Judge.
We withdraw our previous opinion in this case and render the following in its stead.
Appellants challenge the award of attorneys fees to appellees, which awards were made under section 768.495(1), Florida Statutes which provides in pertinent part:
No action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or in contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant ... If the court determines that such certificate of counsel was riot made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court shall award attorney’s fees and taxable costs against claimant’s counsel, and shall submit the matter to The Florida Bar for disciplinary review of the attorney.
This statute is applicable only in medical negligence cases and must be narrowly construed to apply only to those causes of action.
In this case appellant sued appellees for what appellees said, and the trial judge determined, was medical malpractice. Appellants maintain the claim was for civil rights violations under 42 U.S.C. § 1983. Appellants were told by the trial judge that they must comply with section 768.45, Florida Statutes by filing a certificate of good faith. Appellants did not file such certificate and later voluntarily dismissed their complaint. Attorneys fees were assessed against the attorney and the client.
For this court to determine is whether section 768.495(1) is applicable and, if so, whether the refusal to file the certificate of good faith is tantamount to bad faith. Because we are of the opinion that the cause of action alleged by appellants was one under the civil rights statute, 42 U.S.C. § 1983, albeit in a medical setting, we find it error to have applied section 768.49(1). Thus, we need not reach the second question regarding the refusal to file the certificate of good faith.
The complaint filed by appellants against appellees is rather cumbersome, many-paragraphed and, at times, confused. However, there are sufficient allegations in the complaint to support appellants’ theory that they were suing for civil rights violations rather than strictly medical malpractice. In addition, even if the claim was for medical malpractice the court should not have awarded an attorney’s fee without an explicit finding of the absence of a justicia-ble issue. If such an explicit finding is a prerequisite under section 57.105, as was held in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), then it must also be a prerequisite under section 768.495; otherwise, the latter statute would unconstitutionally grant medical malpractice actions a more protected status than other civil actions of a frivolous nature. Therefore, it was error to assess attorneys fees against the attorney and his client. The order awarding fees is reversed.
REVERSED.
SHARP, C.J., and ORFINGER, COBB and GOSHORN, JJ., concur.
COWART and DANIEL, JJ., dissent.