608 So.2d 855 (1992)
Aurelio MARTINEZ and Paula Martinez, His Wife, Appellants,
v.
LIFEMARK HOSPITAL OF FLORIDA, INC., d/b/a Palmetto General Hospital, Appellee.
No. 92-727.
District Court of Appeal of Florida, Third District.
October 13, 1992.
Rehearing Denied December 22, 1992.
*856 Stinson, Lyons & Bustamante and Douglas S. Lyons, Miami, George Kokus, Bedminster, N.J., for appellants.
Parenti, Falk & Waas, Miami, and Timothy J. Chuilli, Palm Beach Gardens, for appellee.
Before FERGUSON, LEVY and GERSTEN, JJ.
LEVY, Judge.
Plaintiffs appeal the dismissal of their complaint, with prejudice, under the two-year medical malpractice statute of limitations. They claim that the medical malpractice statute of limitations does not apply to claims against a hospital for negligent hiring and retention.
Dr. Guerra performed knee surgery on the appellant, Aurelio Martinez, on October 28, 1987. This surgery took place at Lifemark Hospital's institution, Palmetto General Hospital. The appellant's recovery was not satisfactory and he underwent a total knee arthroplasty on May 26, 1988.
The appellants filed a medical malpractice action against Drs. Guerra, Bermann, and their medical practice on September 22, 1989. Then, on March 7, 1991, the appellants amended their complaint to include claims against the appellee, who was not named in the original suit.[1] These new claims were based upon negligent hiring and retaining of the doctors, fraud and misrepresentation, and intentional tort. It is undisputed that these additional claims were added after the statute of limitations for a medical malpractice action had run (two years), but within the statute of limitations for an ordinary tort action (four years).
The appellee filed a motion to dismiss the appellants' amended complaint. The trial court entered a final order granting the appellee's motion and granted a dismissal with prejudice as to the amended complaint. This appeal followed.
Within Chapter 766 of the Florida Statutes, entitled "Medical Malpractice and Related Matters", (Fla. Stat. § 766.101, et seq. 1990), there is a separate section relating to the liability of health care facilities. Florida Statutes § 766.110. The pertinent portion of that provision reads:
(1) All health care facilities, including hospitals and ambulatory surgical centers, as defined in Chapter 395, have a duty to assure comprehensive risk management and the competence of their medical staff and personnel through careful selection and review, and are liable for a failure to exercise due care in fulfilling these duties. These duties shall include, but not be limited to:
(a) the adoption of written procedures for the selection of staff members and a periodic review of the medical care and treatment rendered to patients by each member of the medical staff;
(b) the adoption of a comprehensive risk management program which fully complies with the substantive requirements of s. 395.041 as appropriate to such hospitals size, location, scope of services, physical configuration, and similar relevant factors;
(c) the initiation and diligent administration of the medical review and risk management processes established in paragraphs (a) and (b) including the supervision of the medical staff and hospital personnel to the extent necessary to ensure that such medical review and risk management processes are being diligently carried out.
Each such facility shall be liable for a failure to exercise due care in fulfilling one or more of these duties when such failure is a proximate cause of injury to a patient.
*857 The appellants' claims are barred by the two-year medical malpractice statute of limitations. The selection and review of health care personnel is a duty of hospitals under Florida's medical malpractice statute. Since this case arises out of a breach of that duty, the medical malpractice statute applies.
The appellants' entire case arises out of negligent medical treatment. Such negligent treatment is both necessary to the claims against the appellee and inextricably connected to them. Therefore, this entire case should be handled under the medical malpractice statute. See Section 95.11(4)(b), Florida Statutes (1991).
Affirmed.
NOTES
[1] The appellants also filed claims against Blue Cross/Blue Shield of Florida and its HMO, Health Options, Inc. This court recognized the parties' joint stipulation of dismissal as to Blue Cross/Blue Shield on September 14, 1992. Blue Cross/Blue Shield is no longer a party to this appeal.