652 So.2d 386 (1995)
ST. ANTHONY's HOSPITAL, INC., Petitioner,
v.
Joan S. LEWIS, Respondent.
No. 94-01483.
District Court of Appeal of Florida, Second District.
January 20, 1995.
Rehearing Denied March 15, 1995.
Kirk S. Davis of Elias & Davis, P.A., Clearwater, for petitioner.
Karen E. Maller of John T. Allen, Jr., P.A., St. Petersburg, for respondent.
PER CURIAM.
St. Anthony's Hospital, Inc. (the hospital) petitions this court for a writ of certiorari to quash the trial court's order denying its motion to dismiss. Certiorari jurisdiction lies to review an order denying a motion to dismiss a complaint for failure to comply with the presuit notice requirements found in chapter 766 of the Florida Statutes. See Shands Teaching Hospital v. Miller, 642 So.2d 48 (Fla. 1st DCA 1994); Miami Physical *387 Therapy Associates, Inc. v. Savage, 632 So.2d 114 (Fla. 3d DCA 1994); NME Hospitals, Inc. v. Azzariti, 573 So.2d 173 (Fla. 2d DCA 1991); NME Properties, Inc. v. McCullough, 590 So.2d 439 (Fla. 2d DCA 1991). We grant the petition and determine that the two-year statute of limitations for medical malpractice actions applies to a claim against the hospital for the negligent selection and retention of the physician who allegedly committed the malpractice and that the limitations periods begin to run on the same date.
Dr. Yarborough performed spinal surgery on the respondent, Mrs. Lewis, at the hospital on June 8, 1988. She contends the surgery left her debilitated. Within two years of the surgery, she sent to Dr. Yarborough and his P.A. notices of intent to sue for malpractice in the performance of the surgery. Thereafter, she timely filed suit against them.
Three years and eleven months after the surgery, Mrs. Lewis sent to the hospital a notice of intent to initiate suit. When the hospital denied the claim, Mrs. Lewis filed this action against the hospital. She alleged in her complaint that she "did not learn" of the hospital's negligence "in the selection, retention and monitoring of Dr. Yarborough until after May 27, 1991, which is the date upon which plaintiff obtained knowledge that there were previous patients at [the hospital] under the care of Dr. Yarborough that received unnecessary surgeries and negligent medical treatment from Dr. Yarborough prior to plaintiff's admittance to [the hospital]." The complaint contains no allegations of fraudulent concealment. The attorneys did not allude to any fraudulent concealment either at the hearing or in their briefs to this court.
The hospital filed a motion to dismiss the complaint based on the running of the two-year statute of limitations applicable to medical malpractice actions. The hospital relied on Martinez v. Lifemark Hospital of Florida, Inc., 608 So.2d 855 (Fla. 3d DCA 1992), review denied, 620 So.2d 761 (Fla. 1993). The trial court denied the motion based on the allegations of the complaint and the attachments.
We agree with the court in Martinez that a claim against the hospital for the negligent selection and retention of the physician is barred by the two-year statute of limitations. The duty of the hospital to select and review health care personnel arises under the medical malpractice statute. Furthermore, the negligent medical treatment "is both necessary to the claims against the [hospital] and inextricably connected to them." Martinez, 608 So.2d at 857.
In a medical malpractice action, notice or knowledge of the causal connection between the injury and the negligence triggers the running of the statute of limitations. Tanner v. Hartog, 618 So.2d 177 (Fla. 1993). In this case, it is undisputed that Mrs. Lewis had knowledge of the causal connection on June 8, 1988, the date of the surgery, and that the statute of limitations on her malpractice claim began to run on that date. The duty to investigate a claim for the negligent selection and retention of the physician arises also on the date of the notice or knowledge of injury and negligence in accordance with the standard set forth in Tanner. Because Mrs. Lewis did not send within two years of the surgery a notice of intent to sue the hospital, the negligent selection and retention claim is barred.
Petition granted; order quashed.
RYDER, A.C.J., and CAMPBELL and PARKER, JJ., concur.