656 So.2d 569 (1995)
Jan DOE and Joe Doe, her husband, Petitioners,
v.
Bruce Alan YOUNG, et al., Respondents.
No. 95-616.
District Court of Appeal of Florida, Fifth District.
June 16, 1995.
*570 Leonard H. Klatt of Gary A. Poe & Associates, P.A., Inverness for petitioners.
Andrew G. Pattillo, Jr. and David A. Glenny of Pattillo & McKeever, P.A., Ocala, for respondent Citrus Memorial Health Foundation, Inc.
Clifford L. Somers, Tampa, for respondent Bruce Alan Young.
THOMPSON, Judge.
Petitioners, Jan and Joe Doe, seek certiorari review of a non-final order dismissing their complaint without prejudice. We deny the writ.
Petitioners filed a civil action against Citrus Memorial Hospital ("the hospital") and one of its employees, Bruce Alan Young. The action arose out of Young's guilty pleas to criminal charges that he sexually battered Jan Doe and six other female patients while he was a nurse at the hospital. Petitioners sued Young for the intentional torts of battery and sexual battery, and sued the hospital for negligently hiring, supervising, and retaining Young. The complaint also alleged that the hospital engaged in negligent security practices by failing to take reasonable precautions to protect Jan Doe from personal harm by employees and third persons. Petitioners did not allege any medical malpractice claim against the hospital.
The hospital moved to dismiss the complaint based on petitioners' failure to comply with the presuit notice and screening period requirements of section 766.106(2), Florida Statutes (Supp. 1994), for medical malpractice claims. The trial court entered an order dismissing petitioners' complaint but allowing them leave to refile upon compliance with the presuit requirements. Petitioners seek certiorari review of this non-final order, arguing that their action is not founded on a medical malpractice claim and that, therefore, they should not have to comply with the presuit notice and screening requirements. We deny the writ.
An order granting a motion to dismiss, without prejudice to refile, generally is not reviewable by certiorari because there is no irreparable harm. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987) (ordinarily, orders on motions to strike or dismiss claims do not qualify for review by certiorari); Santmyer v. Orange Paving & Constr. Co., 589 So.2d 472 (Fla. 5th DCA 1991) (dismissal for failure to perfect service reviewable by appeal, not certiorari). But cf. NME Properties, Inc. v. McCullough, 590 So.2d 439 (Fla. 2d DCA 1991) (writ of certiorari was proper method to test non-final order of trial court which ruled upon applicability of presuit conditions of chapter 766). Petitioners argue that they will suffer irreparable harm by the dismissal of their civil action. The criminal offense against Jan Doe occurred on 26 July 1991. Petitioners filed their civil action on 7 October 1994, more than two years after the crime occurred. Petitioners argue that, if they are forced to refile their civil suit after complying with the presuit requirements for a medical malpractice claim, the action will fall outside the two-year statute of limitations of section 95.11(4)(b), Florida Statutes (Supp. 1990), as opposed to the four-year statute of limitations for ordinary tort and negligence actions found in section 95.11(3)(a), Florida Statutes (Supp. 1990).
This argument was not made below in response to the hospital's motion to dismiss and, thus, is not cognizable for the first time *571 in this court. Sparta State Bank v. Pape, 477 So.2d 3, 4 (Fla. 5th DCA 1985) (citing Dober v. Worrell, 401 So.2d 1322, 1323-24 (Fla. 1981)). Moreover, no need for early intervention by certiorari exists in this case because any error by the trial court as to whether petitioners' allegations comprise a medical malpractice action can be adequately remedied on direct plenary appeal. Because petitioners do not allege that this is a medical malpractice case where early intervention by certiorari will be necessary to comply with the legislature's "perception of urgency," Pearlstein v. Malunney, 500 So.2d 585, 588 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla. 1987), we deny the writ.
WRIT DENIED.
PETERSON, J., concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
I would deny the petition for certiorari review because the ruling of the trial judge was correct in requiring compliance by the plaintiffs with the notice requirements of section 766.106(2), Florida Statutes (Supp. 1994). The tort alleged against the hospital is that it negligently provided medical services to the plaintiffs by reason of its improper hiring and supervising of an employee, who consequently committed batteries against them. See Weinstock v. Groth, 629 So.2d 835 (Fla. 1993); St. Anthony's Hosp., Inc. v. Lewis, 652 So.2d 386 (Fla. 2d DCA 1995); Doe v. HCA Health Serv. of Florida, Inc., 640 So.2d 1177 (Fla. 2d DCA 1994); Martinez v. Lifemark Hosp. of Florida, Inc., 608 So.2d 855 (Fla. 3d DCA 1992), rev. denied, 620 So.2d 761 (Fla. 1993).