684 So.2d 901 (1996)
Susan KURZWEIL and Allen B. Kurzweil, Appellant,
v.
LARKIN HOSPITAL OPERATING CO., a Florida Corporation, Appellee.
No. 95-2892.
District Court of Appeal of Florida, Third District.
December 26, 1996.
Arnold R. Ginsberg, P.A., and Ratiner & Glinn, P.A. and Todd R. Schwartz, Miami, for appellant.
Robert A. Kanziger, Miami, for appellee.
Before JORGENSON, GERSTEN and GREEN, JJ.
GREEN, Judge.
This is an appeal from an award of attorney's fees pursuant to sections 766.104(1) and 766.206(2), Florida Statutes (1993) of the "Comprehensive Medical Malpractice Reform Act" after Larkin Hospital Operating Co. ("L.H.O.C.") prevailed in the action below. We reverse.
The appellants who were the plaintiffs below filed the action below and alleged essentially *902 that L.H.O.C. was strictly liable for selling a defective silicone breast prosthesis which caused serious and permanent injury to Mrs. Kurzweil and loss of consortium to Mr. Kurzweil.[1] Summary judgment was ultimately entered in the hospital's favor in the action below based upon the Fourth District's holding in Porter v. Rosenberg, 650 So.2d 79 (Fla. 4th DCA), rev. denied, 661 So.2d 825 (Fla.1995) that the recipient of an allegedly defective breast implant had no strict liability claim against the physician who performed the implant surgery. The appellants in this case never challenged the entry of summary judgment on appeal.
Thereafter, L.H.O.C. moved for an award of attorney's fees pursuant to sections 766.104(1) and 766.206(2). An award of attorney's fees is permitted under section 766.104(1) where the court determines that counsel's certificate attesting to a reasonable basis for the medical malpractice allegations was made in bad faith.[2] Section 766.206(2) provides a further basis for attorney's fees if the claimant's notice of intent to initiate litigation is not in compliance with the reasonable investigation requirements of sections 766.201-766.212.[3] It is clear that these statutes apply only to causes of actions for medical negligence and must be narrowly construed to apply only to such actions. Jones v. Mental Health Servs., 544 So.2d 1177, 1178 (Fla. 5th DCA 1989). We believe that this action can no more be characterized as a *903 medical negligence action than if appellants had alleged that the hospital had sold them an unreasonably defective wheelchair. Thus, neither section 766.104(1) or section 766.206(2) provides a basis for an attorney's fee award in this case.
The hospital asserts in the alternative that an award of attorney's fees to the hospital would be appropriate under section 57.105, Florida Statutes (1993). L.H.O.C. argues on appeal, as it did below, that this action was frivolous at its inception where L.H.O.C. was not in existence at the time of Mrs. Kurzweil's breast implant surgery, did not own the hospital at the time of her surgery and did not assume the debts of the hospital's prior owner when it purchased the hospital four years after Mrs. Kurzweil's surgery. We note, however, that the trial court awarded attorney's fees solely on the basis of the medical malpractice statute and specifically declined to make any findings as to whether there was a complete absence of a justiciable issue in this action as required by section 57.105. See S.A.B.T.C. Townhouse Ass'n, Inc. v. Schmitz, 565 So.2d 827, 830 (Fla. 5th DCA 1990) (finding where trial court gave no basis for award of attorney's fees, award could not be supported under Section 57.105, Florida Statutes); see also Schwartz v. W-K Partners, 530 So.2d 456, 457-58 (Fla. 5th DCA 1988). Where the trial court has failed to make such findings, we are without authority to do so in the first instance on appeal. See Broad and Cassel v. Newport Motel, Inc., 636 So.2d 590, 591 (Fla. 3d DCA 1994); Mickler v. Graham, 611 So.2d 93, 94 (Fla. 1st DCA 1992). Accordingly, we must remand this issue back to the trial court for further findings.
Reversed and remanded for further proceedings.
NOTES
[1] The critical allegations against the hospital were as follows:

* * *
50. The Defendant, LARKIN, is strictly liable in tort to the Plaintiffs by virtue of the following acts:
a. LARKIN is in the business of selling said product and said product is not suitable for the uses intended as heretofore described, and is inappropriate and unsafe for implantation in human bodies;
b. LARKIN sold a defective product, to wit: the subject silicone gel implant, in an unreasonably dangerous condition and not suitable for the uses intended;
c. Said product failed to perform as safely as an ordinary customer would expect when used in the manner reasonably foreseeable by the Defendant;
d. The risk of danger of the subject silicone gel implants outweigh their benefits.
51. As a direct and proximate result of said acts and/or omissions and/or defects as heretofore alleged, the Plaintiff, SUSAN KURZWEIL, has suffered serious and permanent personal injuries and damages and seeks money damages compensable under Florida law as hereinafter described in the Ad Damnum Clause of this Complaint.
* * *
52. That at all times material hereto, the Plaintiff, ALLEN B. KURZWEIL, is the husband of the Plaintiff, SUSAN KURZWEIL, and they are residing in a family relationship in the State of Florida.
53. That as a direct and proximate result of the above, the Plaintiff, ALLEN B. KURZWEIL, has in the past and will in the future suffer the loss of society, companionship and consortium of his wife, the Plaintiff, SUSAN KURZWEIL, and has become obligated for the necessary medical expenses for the treatment of his wife's medical care and treatment, and will be obligated to incur such expenses in the future.
* * *
[2] Section 766.104(1) reads:

No action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or in contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel that such reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant. For purposes of this section, good faith may be shown to exist if the claimant or his counsel has received a written opinion, which shall not be subject to discovery by an opposing party, of an expert as defined in s. 766.102 that there appears to be evidence of medical negligence. If the court determines that such certificate of counsel was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court shall award attorney's fees and taxable costs against claimant's counsel, and shall submit the matter to The Florida Bar for disciplinary review of the attorney. (Footnote omitted; emphasis added)
[3] Section 766.206(2) states:

If the court finds that the notice of intent to initiate litigation mailed by the claimant is not in compliance with the reasonable investigation requirements of ss. 766.201-766.212, the court shall dismiss the claim, and the person who mailed such notice of intent, whether the claimant or the claimant's attorney, shall be personally liable for all attorney's fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney's fees and costs of the defendant or the defendant's insurer.