PADOVANO, Judge.
Kathryn Champion appeals a final order dismissing her complaint on the ground that she failed to comply with the presuit screening requirements of chapter 766, Florida Statutes (1995). We conclude that the statute is inapplicable because the action alleged in the complaint is not based on a claim of medical negligence. Therefore, we reverse.
Champion sued her doctor, Daniel B. Cox, for defamation, alleging that he had made false statements concerning her health. The statements were said to have been made on August 25,1995, in a telephone call from Cox to a supervisor at Champion’s place of employment. According to the complaint, Cox told the supervisor that Champion was “suffering from an incapacitating physical and mental disease and [that she] was going to die.” The complaint goes on to allege that Champion was fired from her job and suffered a loss of reputation as a result of the false statement.
Cox moved to dismiss the complaint on the ground that Champion had failed to serve notice of her claim as required by section 766.106, Florida Statutes, and that she had failed to complete a presuit investigation as required by section 766.203. He argued in *366 the motion that the alleged defamatory statements were made in the course of a physician-patient relationship. In a supporting affidavit,' Cox explained that he had diagnosed Champion with senile dementia and that he had called her employer, not to impart medical information, but only to locate a family member. Based on the argument in the motion, the trial court dismissed the complaint with prejudice.
The notice and investigation requirements in chapter 766, Florida Statutes, ensure that medical negligence claims will be evaluated professionally before the parties engage in expensive and time-consuming litigation, but they do not protect health care providers from all forms of civil liability. As the supreme court explained in J.B. v. Sacred Heart Hospital of Pensacola, 635 So.2d 945 (Fla.1994), the presuit screening process applies only to claims arising out of the conduct of a health care provider in rendering or failing to render medical care or services. Any other cause of action against a health care provider can be asserted without compliance with the presuit screening process. See, e.g., Doe v. Young, 656 So.2d 569 (Fla. 5th DCA 1995) (an action against a health care provider for negligent hiring); Jones v. Mental Health Services, 544 So.2d 1177 (Fla. 5th DCA 1989) (a civil rights action against a health care provider).
Based on these principles, we conclude that the presuit notice and investigation procedures do not apply in this case. Champion asserted a cause of action for defamation. Although the subject of the alleged defamation relates generally to a medical condition, it is not a claim arising out of the care or treatment of that condition. The elements of a cause of action for defamation are unrelated to the performance of the health care provider. Moreover, an action for defamation is based on facts that are not within the special province of medical experts. Therefore, the use of the screening process to evaluate Champion’s claim would be pointless.
In summary, we conclude that the presuit notice and investigation requirements of chapter 766, Florida Statutes, are inapplicable to the cause of action. Consequently, we reverse the order dismissing the complaint.
Reversed.
BOOTH and WOLF, JJ., concur.