949 So.2d 366 (2007)
Christopher J. CORBO, and Precision Performance Physical Therapy & Rehabilitation of Florida, P.A., Petitioners,
v.
Eulalia GARCIA, Respondent.
No. 2D06-4222.
District Court of Appeal of Florida, Second District.
March 2, 2007.
*367 Jason M. Azzarone of Stephens, Lynn, Klein, La Cava, Hoffman & Puya, P.A., Tampa, for Petitioners.
Jose L. Estrada of Maney & Gordon, P.A., Tampa, for Respondent.
CANADY, Judge.
The petitioners, Christopher Corbo and Precision Performance Physical Therapy & Rehabilitation of Florida, P.A., seek certiorari review of a circuit court order denying their motion to dismiss Eulalia Garcia's complaint for negligence. We grant the petition.

*368 I. Background

Garcia filed a complaint in circuit court against the petitioners alleging that petitioner Corbo "connected a machine to [Garcia's] arms, which provided electrical stimulation" that caused "burns to both her arms." Garcia claimed that the petitioners were negligent in failing to exercise reasonable and ordinary care in maintaining their physical therapy equipment and that the petitioners "owed a duty to [their] business invitees . . . to exercise reasonable and ordinary care to keep the premises in a reasonably safe condition for [their] business invitees."
The petitioners filed a motion to dismiss the complaint for failure to comply with the medical malpractice presuit screening requirements of chapter 766, Florida Statutes (2004). The petitioners claimed that Garcia received the alleged burns during the rendering of physical therapy treatment. The trial court denied the motion to dismiss on the ground that the medical malpractice presuit screening requirements were inapplicable because Garcia's complaint alleged ordinary negligence and did not allege medical malpractice.
In their petition for writ of certiorari, the petitioners assert that "the trial court's ruling failed to recognize that as alleged, the [petitioners'] actions arose out of the rendering of medical care in the form of physical therapy, requiring compliance with Florida's medical malpractice pre-suit screening requirements."
Garcia responds that her claim does not arise out of the rendering of or the failure to render medical care or services. Garcia claims that the negligent conduct alleged is that the petitioners, as business operators, failed to properly maintain their equipment prior to her receiving treatment.

II. Certiorari Jurisdiction

"Certiorari jurisdiction may lie when chapter 766 presuit requirements are at issue." Fassy v. Crowley, 884 So.2d 359, 363 (Fla. 2d DCA 2004). A nonfinal order that erroneously allows a plaintiff to proceed with an action without complying with the presuit requirements of chapter 766 would result in material injury to the defendants that could not be corrected on appeal. Id. at 364. Therefore, this court has certiorari jurisdiction to review the trial court's order.

III. Analysis

The presuit screening requirements of chapter 766 apply to claims "arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a); see J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945, 949 (Fla.1994). A negligence claim is subject to the presuit screening requirements if "[t]he wrongful act [is] directly related to the improper application of medical services[ ] and the use of professional judgment or skill." Lynn v. Mount Sinai Med. Ctr., Inc., 692 So.2d 1002, 1003 (Fla. 3d DCA 1997). "`The key inquiry under the statute is whether the action aris[es] out of any medical, dental, or surgical diagnosis, treatment, or care.'" Fassy, 884 So.2d at 364 (quoting J.B., 635 So.2d at 947) (quotation marks omitted) (alteration in original). "Chapter 766 presuit screening is required only where the plaintiff must rely upon the medical negligence standard of care as set forth in section 766.102(1)." Fassy, 884 So.2d at 364. "The test for determining whether a defendant is entitled to the benefit of the presuit screening requirements of section 766.106(1) . . . is whether the defendant is directly or vicariously liable under the medical negligence standard of care set forth in section 766.102(1)." Liles v. P.I.A. Medfield, Inc., 681 So.2d 711, 712 (Fla. 2d DCA 1995). Section 766.102(1) provides that

*369 the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. The prevailing professional standard of care for a given health care provider shall be that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.
Garcia does not dispute that the petitioners are considered health care providers for purposes of the presuit screening requirements of chapter 766. Section 766.102(1) refers to the definition of health care provider in section 766.202(4), which includes physical therapists licensed under chapter 486 and professional association partnerships of physical therapists.
In Goldman v. Halifax Medical Center, Inc., 662 So.2d 367, 368 (Fla. 5th DCA 1995), the plaintiff alleged that the operator of mammographic equipment "negligently applied excessive pressure and caused one of [the plaintiff's] silicone breast implants to rupture." The plaintiff "also alleged that her injury was caused in part by the equipment not having been properly calibrated." Id. The court considered whether "the failure to calibrate properly the mammography equipment" constituted "medical malpractice." Id. at 370. The court held that the plaintiff's claim "is not unlike a claim that one was injured when a doctor used an unclean scalpel, a claim which would clearly fall within the realm of providing medical care." Id. The court held that "the claim arises out of the rendering of medical care or services because the patient was injured as a direct result of receiving medical care or treatment." Id. at 371 (internal quotation marks omitted).
We conclude that Garcia's claim is closely analogous to the claim raised in Goldman. Like the claim in Goldman, Garcia's claim arose out of the rendering of medical treatment because Garcia's injuries occurred as a direct result of her receiving physical therapy treatment from the petitioners. The injury alleged by Garcia was directly inflicted by the medical care  that is, physical therapy treatment  provided to her by the petitioner. Garcia's claim thus arose "out of the rendering of . . . medical care or services." § 766.106(1)(a). The alleged "wrongful act" of the petitioners was "directly related to the improper application of medical services . . . and the use of professional judgment or skill." Lynn, 692 So.2d at 1003.
In the cases relied upon by Garcia in support of her argument that her claim is one for simple negligence, the patients did not receive their injuries as a direct result of medical treatment.
In Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005), the plaintiff was hit in the head with a dental x-ray machine as the dental assistant attempted to place the machine in position prior to performing the x-ray. The court held that "[d]eciding how to unstick the arm of the x-ray machine was not a medical service requiring the use of a medical professional's judgment or skill." Id. at 218-19. The Mobley court distinguished Goldman on the basis that the patient in Goldman was receiving medical treatment and that the medical treatment in Mobley had yet to begin. Id. at 219. "There is a difference between setting up to perform a medical procedure and its actual performance." Id.; see also Tenet St. Mary's Inc. v. Serratore, 869 So.2d 729, 731 (Fla. 4th DCA 2004) (holding that plaintiff's claim, which was based on an injury received when a hospital employee tried to return a dialysis chair to an upright *370 position, did not arise out of the receiving of medical care because "[t]here is clearly no professional standard of care involved in attempting to kick a footrest of the reclining chair to return it to its upright position").
Here, even though Garcia asserts that the negligence occurred prior to her treatment, the gravamen of her claim is based on the petitioners' use of the equipment during Garcia's physical therapy treatment. The basis for Garcia's claim is that the petitioners negligently administered a treatment modality. Therefore, her injury occurred during medical treatment, and in order to prove her claim, she must prove that the petitioners did not properly maintain their electrical stimulation equipment, which falls within the standard of care involved in treating a patient with that equipment.
This case is also distinguishable from Kurzweil v. Larkin Hospital Operating Co., 684 So.2d 901 (Fla. 3d DCA 1996), on which the trial court relied at the hearing held on the petitioners' motion to dismiss. In Kurzweil, the court held that the plaintiff's action, which was based on the plaintiff's claim that the defendant was "strictly liable for selling a defective silicone breast prosthesis," id. at 902, "can no more be characterized as a medical negligence action than if [the plaintiffs] had alleged that the hospital had sold them an unreasonably defective wheelchair," id. at 902-03. In this case, Garcia did not allege that she was sold a defective product by petitioners.
In Feifer v. Galen of Florida, Inc., 685 So.2d 882, 884 (Fla. 2d DCA 1996), the plaintiff alleged a cause of action against a hospital "based upon allegations of [the hospital's] negligence in maintaining its premises in a manner to protect its invitees from harm while on the premises." The plaintiff fell in the hall of the hospital, suffering a broken hip. Id. This court held that chapter 766 "did not abolish ordinary negligence claims against those who may be in the business of providing medical care or services. If a plaintiff can successfully allege factual matters constituting ordinary negligence, he or she is not precluded from doing so." 685 So.2d at 885.
Here, Garcia cannot show negligence without showing that petitioners were negligent in their medical treatment of Garcia. This case is distinguishable from Feifer because the negligence there did not directly relate to the rendering of medical treatment. The medical negligence standard of care  that the alleged actions of the health care provider presented a breach of the prevailing professional standard of care  must be proved in this case in order for Garcia to obtain relief. Garcia's claim involves more than just a failure to maintain the premises and the equipment. The fact that injury was caused by the use of the equipment during the rendering of medical treatment takes Garcia's claim into the realm of a medical negligence claim that is subject to the presuit screening requirement of chapter 766. See Goldman, 662 So.2d at 368.

IV. Conclusion

Accordingly, we conclude that the presuit requirements of chapter 766 apply to Garcia's claim and that the trial court therefore departed from the essential requirements of law in denying the petitioners' motion to dismiss Garcia's complaint. We grant the petition for writ of certiorari, quash the trial court's order denying petitioners' motion to dismiss, and direct the trial court to grant the petitioners' motion to dismiss.
Petition granted.
LaROSE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.