PER CURIAM.
In this medical malpractice case, the petitioner, Jeffrey Wood, seeks review by common law certiorari of the circuit court’s order denying his motion for summary judgment. Mr. Wood moved for summary judgment in the circuit court on the ground that two of the respondents, Geneve A. Virgo and Radcliff O. Virgo (the Virgos), had failed to comply with the pre-suit notice requirements of section 766.106(2)(a), Florida Statutes (2006). Because the presuit requirements of chapter 766 are at issue here, we have certiorari *431 jurisdiction to review the circuit court’s order. See Corbo v. Garcia, 949 So.2d 366, 368 (Fla. 2d DCA 2007); St. Anthony’s Hosp., Inc. v. Lewis, 652 So.2d 386, 386 (Fla. 2d DCA 1995).
The issue raised by Mr. Wood’s motion for summary judgment was whether the written presuit notice of the Virgos’ medical malpractice claim provided to one of the respondents, Steve Blicblum, M.D., P.A., operated as notice to Mr. Wood. The materials before the circuit court on this issue at the hearing on the motion for summary judgment raised genuine issues of material fact. The circuit court was precluded from resolving disputed issues of fact on a motion for summary judgment. See Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995). “A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citing Shaffran v. Holness, 93 So.2d 94 (Fla.1957)). Because genuine issues of material fact existed, summary judgment was inappropriate. It follows that the circuit court’s order does not depart from the essential requirements of the law. Accordingly, we deny the petition.
Petition denied.
FULMER and KELLY, JJ., Concur.
WALLACE, J., Concurs specially.