# Third District Court of Appeal
## State of Florida

Opinion filed November 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-764
Lower Tribunal No. 22-1591
_____

**Esther Marin-Casariego, M.D., et al.,**
Petitioners,

vs.

**Sophia Linale, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Davis Goldman, PLLC, Kimberly A. Cook, and Maidenly Macaluso, for petitioners.

Eaton & Wolk, PL, and Douglas F. Eaton, for respondents.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

FERNANDEZ, C.J.

Petitioners and defendants below, Esther Marin-Casariego, M.D. and EMC MD, LLC (collectively, "petitioners"), petition this Court for a writ of certiorari to quash the trial court's order denying petitioners' "Motion to Dismiss Counts I, IV and V of Plaintiffs' Amended Complaint for Products Liability, Motion to Deny Emergency Petition for Injunction and Motion to Strike Defendants Esther Marin-Casariego, M.D. and EMD MD, LLC and Incorporated Memorandum of Law" ("Motion to Dismiss"). We have jurisdiction. Martin Mem. Med. Ctr., Inc. v. Herber, 984 So. 2d 661, 662 (Fla. 4th DCA 2008). Because the trial court departed from the essential requirements of law in denying the motion to dismiss, we grant the petition and quash the challenged order.

Respondents/plaintiffs below are Sophia Linale, an individual; Daniela Hernandez and Samantha Nuche, as parents and legal guardians of A.H. and R.H., their minor children; Danielle Mena, an individual; and Ailyn Cuervo and Arnold Cuervo, as parents and legal guardians of A.C., their minor child; Ana Isabel Feliciano and Armando Alvarez, as parents and legal guardians of A.A., her minor child; and Grisel D'Elena and Joseph Bru, as parents and legal guardians of J.B. In March 2022, respondents filed "Plaintiffs' Amended Complaint for Products Liability and Emergency Petition for Injunction" ("Amended Complaint"). This Amended Complaint alleged a

2

products liability claim against a co-defendant, McKesson Medical-Surgical, Inc., a Virginia corporation, for selling defective vaccination needles. The Amended Complaint also alleged three counts against petitioners (Counts I, IV, and V) that sounded in medical malpractice by claiming these two defendants "negligently, carelessly, and/or recklessly failed to ensure that their facilities were clear of any dangerous bacteria… and failed to ensure the needles they were using were sterile." Lakeland Reg'l Med. Ctr., Inc. v. Allen, 944 So. 2d 541, 53 (Fla. 2d DCA 2006) ("If the cause of an injury is effected by negligent medical care then, by definition, the complaint sounds in malpractice."). § 766.106(1)(a). Respondents, who are petitioners' pediatric patients and parents/guardians of petitioners' minor pediatric patients, allege the patients were injured resulting from petitioners' use of allegedly contaminated syringes when giving childhood vaccinations while petitioner was rendering medical care and treatment. Accordingly, respondents claims against petitioners were subject to the requirements of Chapter 766, Florida's Medical Malpractice Statute.

However, respondents filed this action against petitioners without complying with the requirements of Chapter 766. As a result, petitioners filed a motion to dismiss counts I, IV, and V of respondents' Amended Complaint,

3

which the trial court denied. Petitioners now petition this Court for a writ of certiorari.

Chapter 766, Florida's Medical Malpractice Act, sets out the procedure each claimant must comply with prior to filing a medical malpractice action, including presuit notice and screening. See § 766.104, 766.106, 766.201-.212, Fla. Stat. (2021). Where a complaint is filed before complying with the requirements of chapter 766, dismissal is required. Dial 4 Care, Inc. v. Brinson, 319 So. 3d 111, 114 (Fla. 3d DCA 2021); Corbo v. Garcia, 949 So. 2d 366 (Fla. 2d DCA 2007); University of Miami v. Jones, 338 So. 3d 401 (Fla. 3d DCA 2022).

One of the requirements is that plaintiff must conduct a reasonable investigation "to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." § 766.104(1), Fla. Stat. (2021). In addition, section 766.106(2) requires a plaintiff to comply with presuit notice of intent to initiate litigation. Here, respondents have conceded in their Response to the Petition for Writ of Certiorari that they have not complied with the pre-suit investigation under Chapter 766. However, respondents propose that petitioners be retained in the case during the pre-suit process and that respondents be permitted to amend their pleadings to assert claims for medical negligence against

4

petitioners once the pre-suit investigation is finished. This is not an available remedy under Florida law when the plaintiff has failed to comply with the pre-suit requirements of the statute. Corbo, 949 So. 2d at 370. Because respondents' claim is a medical negligence action, they were required to comply with the presuit notice requirements of chapter 766. Since they did not do so, the trial court should have dismissed the amended complaint. Martin Mem. Health Sys., Inc. v. Gorham, 337 So. 3d 71, 74 (Fla. 4th DCA 2022); Dial 4 Care, Inc., 319 So. 3d at 114; S. Miami Hosp., Inc. v. Perez, 38 So. 3d 809, 812 (Fla. 3d DCA 2010); Dr. Navarro's Vein Ctr. of Palm Beach, Inc. v. Miller, 22 So. 3d 776, 779 (Fla. 4th DCA 2009); Tenet S. Fla. Health Sys. v. Jackson, 991 So. 2d 396 (Fla. 3d DCA 2008); Corbo, 949 So. 2d at 370; Goldfarb v. Urciuoli, 858 So. 2d 397 (Fla. 1st DCA 2003); Central Fla. Reg'l Hosp. v. Hill, 721 So. 2d 404, 406 (Fla. 5th DCA 1998); Shands Teaching Hosp. v. Miller, 642 So. 2d 48 (Fla 5th DCA 1994).

Accordingly, we quash the trial court's order denying petitioners' motion to dismiss. The cause is remanded to the trial court for further proceedings consistent with this opinion.

Petition for writ of certiorari granted; order quashed; cause remanded.