# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0310
Lower Tribunal No. 23-16845-CA-01
_____

**Ana Trisan,**
Appellant,

vs.

**Naples Center for Dermatology & Cosmetic Surgery, P.A.,
etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Law Offices of Keith M. Hanenian and Keith M. Hanenian and David A. Perrott (Tampa), for appellant.

Bowman and Brooke, LLP and Wendy F. Lumish and Katherine A. Gannon (Lake Mary); Taft, Stettinius & Hollister, LLP and John Riccione and Brianna M. Skelly (Chicago, IL), for appellee Naples Center for Dermatology & Cosmetic Surgery, P.A., etc.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See § 95.11(4)(b), Fla. Stat. (2021) (defining, for purposes of the statute of limitations, an action for medical malpractice: "An 'action for medical malpractice' is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care.");  § 766.106(1)(a), Fla. Stat. (2021) (pre-suit notice statute, defining the terms "claim for medical negligence" or "claim for medical malpractice" as "a claim, arising out of the rendering of, or the failure to render, medical care or services."); Ramsay v. S. Lake Hosp., 357 So. 3d 253, 258 (Fla. 5th DCA 2023) ("Thus, 'for an action to sound in medical malpractice, the act from which the claim arises must be directly related to medical care or services, which require the use of professional judgment or skill.'" (quoting Nat'l Deaf Acad., LLC v. Townes, 242 So. 3d 303, 311-12 (Fla. 2018) (internal citation omitted)); Townes, 242 So. 3d at 309 ("[T]he inquiry for determining whether a claim sounds in medical malpractice 'is twofold: (1) whether the action arose out of 'medical . . . diagnosis, treatment or care,' and (2) whether such diagnosis, treatment or care was rendered by a 'provider of health care.'"); Joseph v. Univ. Behav. LLC, 71 So. 3d 913, 917 (Fla. 5th DCA 2011) ("The test for determining whether a defendant is

2

entitled to the benefit of the presuit screening requirements of section 766.106 is whether a defendant is liable under the medical negligence standard of care set forth in section 766.102(1)." (internal citations omitted)); Univ. of Miami v. Bloomer, 337 So. 3d 838, 840 (Fla. 3d DCA 2022) (observing that "a court must look beyond [the] label proffered and 'must apply the law to the well-pleaded allegations and decide the legal issue of whether the complaint sounds in simple or medical negligence.'" (quoting Dr. Navarro's Vein Ctr. of Palm Beach, Inc. v. Miller, 22 So. 3d 776, 778 (Fla. 4th DCA 2009))); see also Corbo v. Garcia, 949 So. 2d 366, 370 (Fla. 2d DCA 2007) (granting certiorari and dismissing complaint for failure to comply with statutory presuit notice requirement, holding that,  because "the gravamen of [Garcia's] claim is based on [the therapist's] use of the equipment during Garcia's physical therapy treatment," and that the "the injury was caused by the use of the equipment during the rendering of medical treatment" which "takes Garcia's claim into the realm of a medical negligence claim that is subject to the presuit screening requirement of chapter 766."); Martinez v. Lifemark Hosp. of Fla., Inc., 608 So. 2d 855, 857 (Fla. 3d DCA 1992) (holding that claims against hospital were governed by medical malpractice statute where claims arose out of negligent medical treatment by doctors, which were "both necessary to the claims against [the

3

hospital] and inextricably connected to them."); <u>Goldman v. Halifax Med. Ctr., Inc.</u>, 662 So. 2d 367, 371 (Fla. 5th DCA 1995) (court considered whether chapter 766 applied to claims against a hospital for negligence arising out of its employee, a radiologic technician, applying excessive pressure during a mammogram, done on improperly calibrated equipment, causing the plaintiff's breast implant to rupture. In holding that the presuit notice requirements of chapter 766 applied, the court noted that the "claim, that an improperly calibrated machine that was used on her partly caused her injury, is not unlike a claim that one was injured when a doctor used an unclean scalpel, a claim which would clearly fall within the realm of providing medical care.").