693 So.2d 66 (1997)
Hilda GARCIA, a guardian of Jose Guiles, etc., Appellant/Cross-Appellee,
v.
PSYCHIATRIC INSTITUTES OF AMERICA, INC., etc., et al., Appellees/Cross-Appellants.
No. 95-2782.
District Court of Appeal of Florida, Fifth District.
April 11, 1997.
Rehearing Denied May 12, 1997.
Prabodh C. Patel, Walter J. Belleville, and Tracey Schilling, Altamonte Springs, for Appellant/Cross-Appellee.
Jeffrey S. Badgley and John S. McEwan, II of Sanders, McEwan, Martinez, Luff & Dukes, P.A., Orlando, for Appellee/Cross-Appellant Psychiatric Institute of Orlando, Inc.
Gail Leverett Parenti of Parenti, Falk, Waas & Frazier, Coral Gables, for Appellee/Cross-Appellant John Blankemeier, M.D.
A. Scott Noecker and Rachel K. Nunn of Taraska, Grower & Ketcham, P.A., Orlando, for Appellee/Cross-Appellant Carol Bloomquist, M.D.
No Appearance for Appellee, Psychiatric Institutes of America, Inc.
PER CURIAM.
Garcia appeals summary judgments entered against her based upon her failure to comply with the presuit notice requirements contained in chapter 766 of the Florida Medical Malpractice Act. We reverse.
In Garcia I,[1] we held that the allegations of Garcia's complaint were sufficient to constitute the torts of false imprisonment and battery, if proven at trial. The requirement of presuit notice is fact dependent, and must be premised upon the allegations of the complaint. Robbins v. Orlando H.M.A., Inc., 683 So.2d 664 (Fla. 5th DCA 1996). Pursuant to the allegations of this complaint, the cause of action of false imprisonment did not arise out of the rendering, or failure to render, medical care services, and thus it does not fall under the presuit notice requirements of the medical malpractice act. Robbins.
REVERSED and REMANDED.
W. SHARP, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Garcia v. Psychiatric Institutes of America, 638 So.2d 567 (Fla. 5th DCA 1994).