869 So.2d 729 (2004)
TENET ST. MARY'S INC., d/b/a St. Mary's Medical Center, Petitioner,
v.
Agnes SERRATORE, Respondent.
No. 4D03-4372.
District Court of Appeal of Florida, Fourth District.
April 7, 2004.
*730 Marc T. Millian and Ron D. Herman of Michaud, Buschmann, Mittelmark, Millian, Blitz, Warren & Coel, P.A., Boca Raton, for petitioner.
No brief filed for respondent.
HAZOURI, J.
Tenet St. Mary's, Inc. d/b/a St. Mary's Medical Center (St.Mary's) petitions for writ of certiorari seeking review of an order denying its motion to dismiss the complaint of Agnes Serratore, for failure to follow the presuit requirements of section 766.106, Florida Statutes (2001).
On September 27, 2002, Serratore was injured after receiving dialysis treatment at St. Mary's. According to Serratore's complaint, which is labeled "simple negligence," Serratore was sitting in a reclining chair after completing dialysis treatment and a St. Mary's employee attempted to assist her by returning the chair to its upright position so that Serratore could stand up. The employee attempted to kick the footrest of the chair to return the chair to the upright position, but instead "negligently" kicked Serratore's right foot. The resulting injury did not heal and eventually required a below-the-knee amputation on December 3, 2002.
St. Mary's filed a motion to dismiss Serratore's complaint. As grounds for dismissal, St. Mary's asserts that Serratore did not comply with the chapter 766 presuit screening requirements for medical malpractice claims. St. Mary's argues that although Serratore was alleging simple negligence, she was required to file her complaint as a medical malpractice case because the injury occurred while she was under the care of a hospital employee after receiving dialysis treatment. We disagree and deny the petition.
The allegations of the complaint do not seek to state a cause of action for *731 medical negligence under section 766.102, Florida Statutes (2001); therefore, the trial court was correct in denying the motion to dismiss. The test for determining whether the defendant is entitled to the benefit of the presuit screening requirements of section 766.106 is whether the defendant is liable under the medical negligence standard of care set forth in section 766.102(1).[1]See Integrated Health Care Servs., Inc. v. Lang-Redway, 840 So.2d 974, 980 (Fla.2002); Lake Shore Hosp., Inc. v. Clarke, 768 So.2d 1251, 1252 (Fla. 1st DCA 2000); Feifer v. Galen of Fla., Inc., 685 So.2d 882, 885 (Fla. 2d DCA 1996).
The gravamen of Serratore's complaint for negligence does not arise out of the receiving of medical care nor does it require that Serratore prove that the actions of the St. Mary's employee deviated from an accepted standard of medical care, which is required under section 766.102(1). There is clearly no professional standard of care involved in attempting to kick a footrest of the reclining chair to return it to its upright position. The mere fact that this event occurred immediately after Serratore received dialysis treatment does not convert this to an action based upon medical negligence.
St. Mary's argues that the instant case is controlled by the Third District Court of Appeal opinion in Neilinger v. Baptist Hospital of Miami, Inc., 460 So.2d 564 (Fla. 3d DCA 1984). We disagree. We find the Neilinger case distinguishable.
The complaint in Neilinger alleged that the plaintiff's claim arose out of Baptist Hospital's alleged negligent medical care of the plaintiff, Sandra Neilinger, while she was a maternity patient at the hospital. Neilinger slipped and fell on a pool of amniotic fluid while she was descending from an examination table under the direction and care of hospital employees. The exact circumstances surrounding this incident are not delineated in the opinion. However, unlike the instant case, Neilinger alleged her injuries were the result of negligent medical care while she was under the direction and care of hospital employees. There are no such allegations in the instant case.
St. Mary's has failed to demonstrate that the lower court's denial of its motion to dismiss departs from the essential requirements of law and accordingly, we deny the petition.
WARNER and GROSS, JJ., concur.
NOTES
[1] Section 766.102(1) states:

In any action for recovery of damages based on the death or personal injury of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider as defined in s. 766.202(4), the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. The prevailing professional standard of care for a given health care provider shall be that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.