915 So.2d 217 (2005)
Shawanni MOBLEY, Appellant,
v.
GILBERT E. HIRSCHBERG, P.A., Appellee.
No. 4D05-149.
District Court of Appeal of Florida, Fourth District.
November 2, 2005.
Rehearing Denied December 20, 2005.
Robert Garven, Coral Springs, for appellant.
Robert S. Horwitz and David J. Pascuzzi of Schwartz & Horwitz, P.L.C., Boca Raton, for appellee.
*218 GROSS, J.
Shawanni Mobley appeals a final summary judgment in favor of the defendant below, Dr. Gilbert E. Hirschberg, on her claim for personal injuries. The basis for the ruling was that Mobley failed to comply with the medical malpractice presuit procedures. See § 766.106, Fla. Stat. (2004). We reverse because Mobley's simple negligence claim did not arise out of the rendering of, or the failure to render, medical care or services.
Summary judgment is proper "only when there are no genuine issues of material fact conclusively shown from the record and the movant is entitled to judgment as a matter of law. All doubts and inferences must be resolved against the moving party, and if there is the slightest doubt or conflict in the evidence, then summary judgment is not available." Shreffler v. Philippon, 873 So.2d 1280, 1281 (Fla. 4th DCA 2004) (quoting Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 321 (Fla. 4th DCA 2002)) (citation omitted). The standard of review of an order granting summary judgment is de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Mobley was a patient of Dr. Hirschberg, a dentist.[1] The doctor instructed a dental assistant to x-ray Mobley's mouth. Mobley was seated in a dental chair and a protective blanket was placed over her. The x-ray machine was attached to the ceiling off to the side of the chair. Mobley rested her head against the headrest as the dental assistant moved the x-ray machine toward Mobley's mouth.
The positioning arm of the x-ray machine jammed. When the dental assistant pulled at the arm to dislodge it, the machine struck Mobley in the face, causing injuries.
Mobley sued for simple negligence. Hirschberg raised the affirmative defense that Mobley failed to comply with the presuit requirements of section 766.106. The trial court granted the dentist's motion for summary judgment, ruling that the case was a medical malpractice case where the patient was injured during the course of treatment.
Section 766.106 imposes presuit requirements on a claim for medical negligence or malpractice. Such a claim is one "arising out of the rendering of, or the failure to render, medical care or services." See Burke v. Snyder, 899 So.2d 336, 338 (Fla. 4th DCA 2005) (citing J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945, 949 (Fla.1994)); § 766.106(1)(a), Fla. Stat. (2004). Claims of simple negligence or intentional torts which do not involve the provision of medical care or services do not require compliance with Chapter 766 presuit requirements. See Lake Shore Hosp. v. Clarke, 768 So.2d 1251 (Fla. 1st DCA 2000) (court held that patient's negligence claim arising from a slip and fall between her hospital bed and bathroom was not a cause of action for medical negligence subject to presuit requirements); Garcia v. Psychiatric Insts. of Am., Inc., 693 So.2d 66 (Fla. 5th DCA), rev. denied, 700 So.2d 687 (1997).
Mobley's claim that she was negligently banged in the face with a piece of equipment involves a simple negligence claim independent of the standard of care imposed on a health care provider. Deciding *219 how to unstick the arm of the x-ray machine was not a medical service requiring the use of a medical professional's judgment or skill.
Reeves v. North Broward Hospital District, 821 So.2d 319 (Fla. 4th DCA 2002), addressed the distinction between simple negligence and medical malpractice within the context of a claim that Chapter 766 applied. We wrote that "not every alleged wrongful act by a healthcare provider, or its employee, amounts to medical malpractice. The alleged wrongful act must be directly related to the improper application of medical services to the patient and the use of professional judgment or skill." Id. at 322. The plaintiff in Reeves was a home health care nurse who sued the hospital after sustaining an injury when she grabbed her patient who was about to roll off a gurney during transport. We affirmed the trial court's ruling that the nurse's claim was not one of medical malpractice.
We revisited the medical malpractice/simple negligence issue in Tenet St. Mary's, Inc. v. Serratore, 869 So.2d 729 (Fla. 4th DCA 2004). There, a dialysis patient brought a negligence claim against a hospital for injuries sustained when a hospital employee attempted to help the patient return a reclining chair to its upright position. Id. at 730. While trying to kick a footrest, the employee kicked the patient's foot instead, resulting in a below-the-knee amputation. Id. We held that the gravamen of the negligence claim did not "arise out of the receiving of medical care." Id. at 731. We reasoned that there is no professional standard of care in "kick[ing] a footrest of [a] reclining chair to return it to its upright position." Id. In this case, the dental assistant trying to unjam the x-ray machine arm is analogous to the employee attempting to kick a footrest in Tenet St. Mary's.
We reject the argument that Chapter 766 applies merely because the accident occurred after Mobley was positioned in the dental chair for treatment. If an intentional tort or negligence does not arise out of the rendering of medical services, Chapter 766 does not apply even if an injury occurs after the delivery of medical services has commenced. See Burke v. Snyder, 899 So.2d 336 (Fla. 4th DCA 2005).
Finally, we distinguish Goldman v. Halifax Medical Center, 662 So.2d 367, 370 (Fla. 5th DCA 1995), cited by the doctor. In that case, the plaintiff alleged that the technician who performed her mammogram applied excessive pressure with the equipment causing a silicone breast implant to rupture. Goldman held that the presuit requirements applied because the injury arose as a direct result of receiving medical treatment by a hospital employee. Id. Unlike this case, the negligence in Goldman arose out of the actual delivery of treatment to the patient. Here, the actual delivery of treatment had yet to begin. This was not a case where the injury arose because the x-ray machine was left on too long or positioned in a way that affected the diagnosis. There is a difference between setting up to perform a medical procedure and its actual performance.
The final summary judgment is reversed and the case is remanded to the circuit court for further proceedings.
SCOLA, JACQUELINE H., Associate Judge, concurs.
STONE, J., concurs specially with opinion.
STONE, J., concurring specially.
Although I am inclined to view these unique facts as more akin to malpractice *220 occurring during the rendering of medical care, I concur in reversing. Because the question is close as to whether the medical treatment had begun, and there is such uncertainty on these facts as to the dividing line, I would apply the principle recognized in J.B. v. Sacred Heart Hospital of Pensacola, 635 So.2d 945, 947 (Fla.1994), in which the supreme court stated (in reference to whether a case was a medical malpractice case in resolving applicable statute of limitations) that "[i]f there is doubt as to the applicability of such a statute, the question is generally resolved in favor of the claimant."
NOTES
[1] As a "person licensed under" Chapter 466, Florida Statutes (2004), a dentist is a "health care provider" within the meaning of section 766.202(4), Florida Statutes (2004). A "dental assistant" is "a person, other than a dental hygienist, who, under the supervision and authorization of a dentist, provides dental care services directly to a patient." § 466.003(6), Fla. Stat. (2004).