948 So.2d 889 (2007)
SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC., Petitioner,
v.
Ronald E. ASHE, as personal representative for the Estate of Dara Leigh Ashe, Respondent.
No. 1D06-3202.
District Court of Appeal of Florida, First District.
February 8, 2007.
*890 Harvey L. Jay, III, and Travase L. Erickson of Saalfield, Shad, Jay, Lucas & Stokes, P.A., Jacksonville, for Petitioner.
Kenneth B. Wright of Bledsoe, Jacobson, Schmidt & Wright, Jacksonville, for Respondent.
KAHN, J.
By petition for writ of certiorari, Southern Baptist Hospital of Florida argues the trial judge departed from the essential requirements of law when he found respondent's cause of action did not sound in medical malpractice, but instead in ordinary negligence, thus eliminating the necessity that respondent comply with the presuit requirements of chapter 766. See § 766.106(2), Fla. Stat. (2003) (requiring plaintiffs in medical malpractice suits to give notice to all prospective defendants of the intent to pursue litigation). "[Certiorari review] is appropriate when chapter 766 presuit requirements are at issue." Okaloosa County v. Custer, 697 So.2d 1297, 1297 (Fla. 1st DCA 1997). As the trial court did not depart from the essential requirements of law, we deny certiorari.
A court must, on a case-by-case basis, look to the allegations made in the complaint when determining whether a suit raises an issue of ordinary negligence or medical malpractice. See Foshee v. Health Mgmt. Assocs., 675 So.2d 957, 959 (Fla. 5th DCA 1996) ("The allegations of the complaint, which must be taken as true, are what determine the facts. It is up to the court to decide from the allegations in the complaint whether the claim arises `out of the rendering of, or the failure to render, medical care or services.'" (citation omitted)); see also J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945, 949 (Fla.1994) (looking at the allegations made in complaint and determining it "does not state a medical malpractice claim"); Tenet St. Mary's Inc. v. Serratore, 869 So.2d 729, 731 (Fla. 4th DCA 2004) ("The gravamen of Serratore's complaint for negligence does not arise out of the receiving of medical care nor does it require that Serratore prove [a deviation] from an accepted standard of medical care, which is required under section 766.102(1)."); Garcia v. Psychiatric Insts. of Am., Inc., 693 So.2d 66, 66 (Fla. 5th DCA 1997) ("The requirement of presuit notice is fact dependent, and must be premised upon the allegations of the complaint."); Broadway v. Bay Hosp., Inc., 638 So.2d 176, 177 (Fla. 1st DCA 1994) ("From the face of the complaint, it is apparent that appellants have sued appellee *891 for the failure to warn of a dangerous condition or properly maintain a piece of equipment, rather than for breach of some professional standard of care.").
In the present case, respondent does not challenge any medical diagnosis or decision that required professional skill or judgment. See Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 219 (Fla. 4th DCA 2005) (describing the essence of an action for medical malpractice: "`The alleged wrongful act must be directly related to the improper application of medical services to the patient and the use of professional judgment or skill.'" (quoting Reeves v. N. Broward Hosp. Dist., 821 So.2d 319, 322 (Fla. 4th DCA 2002))); see also Jackson v. Biscayne Med. Ctr., Inc., 347 So.2d 721, 722 (Fla. 3d DCA 1977) ("The fact that these acts originate, rather remotely, from a hospital-patient relationship, will not bring them into the ambit of medical malpractice. To hold otherwise would lead to the absurd result that every wrongful act committed by a hospital employee in a hospital surrounding amounts to medical malpractice."). Respondent alleges ordinary negligence in petitioner's release of respondent's daughter in violation of mandatory and non-discretionary requirements of Florida's Baker Act. See § 394.463(2)(f), Fla. Stat. (2003) ("[An involuntarily committed patient] may not be released by the receiving facility or its contractor without the documented approval of a psychiatrist, a clinical psychologist, or, if the receiving facility is a hospital, the release may also be approved by an attending emergency department physician with experience in the diagnosis and treatment of mental and nervous disorders and after completion of an involuntary examination pursuant to this subsection."); see also Liles v. P.I.A. Medfield, Inc., 681 So.2d 711, 712 (Fla. 2d DCA 1995) ("After examining the provisions of the Baker Act, we conclude that its involuntary commitment procedures do not involve the rendering of medical care or services. Although a medical diagnosis is necessary in order to involuntarily commit a patient, the process of complying with the statute does not require medical skill or judgment."). As respondent's complaint states a cause of action in ordinary negligence, we DENY the petition.
BROWNING, C.J., and WOLF, J., concur.