MAY, J.
 

 The defendants petition this court for a writ of certiorari seeking review of an order denying a motion to dismiss the plaintiffs complaint for non-compliance with the medical malpractice presuit requirements of section 766.106(2), Florida Statutes (2008). We grant the petition, quash the trial court’s order, and remand the ease to the trial court for entry of an order of dismissal.
 

 The plaintiff filed a complaint against the defendant doctor and her professional association for damages arising from a laser hair removal procedure. The plaintiff alleged that the doctor’s negligence in performing the procedure caused severe burns. The complaint specifically alleged that the doctor was not performing medical treatment, but rather cosmetic electrolysis as defined by section 478.42(5), Florida Statutes (2008).
 

 The doctor and her P.A. moved to dismiss the complaint, arguing that laser hair removal is not governed by chapter 478, and that the plaintiff failed to comply with the presuit screening requirements of the medical malpractice act in chapter 766. Alternatively, the defendants argued that the complaint failed to state a cause of action.
 

 In their memorandum of law, the defendants indicated that the doctor was a health care provider as defined in section 766.202(4) and was licensed under chapter 458. The defendants argued that the practice of medicine encompasses the treatment of physical conditions, which includes hair on a woman’s face and neck. They further argued that the complaint did not allege a tort independent of the doctor’s treatment of the plaintiff and thus fell within the purview of medical negligence.
 

 The trial court denied the motion based upon the allegations in the complaint, which specifically alleged that the doctor did not provide medical treatment, but rather had performed a cosmetic procedure. From this order, the doctor and her P.A. filed this petition for writ of certiora-ri.
 

 To obtain certiorari relief, the petitioner must show that the order: (1) departed from the essential requirements of law; and (2) will cause a material and irreparable injury that cannot be remedied on final appeal.
 
 See Am. Express Travel Related Servs., Inc. v. Cruz,
 
 761 So.2d 1206, 1208 (Fla. 4th DCA 2000) (citing
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1099 (Fla.1987) and
 
 Bared & Co., Inc. v. McGuire,
 
 670 So.2d 153, 156 (Fla. 4th DCA 1996) (en banc)). Orders denying a motion to dismiss on similar grounds have met this standard.
 
 Sova Drugs, Inc. v. Barnes,
 
 661 So.2d 393 (Fla. 5th DCA 1995);
 
 see also Pearlstein v. Malunney,
 
 500 So.2d 585, 587 (Fla. 2d DCA 1986).
 

 In their petition, the doctor and her P.A. argue the order departs from the
 
 *778
 
 essential requirements of law because the trial court failed to consider that the con-clusory allegations of negligence are belied by the reality of the alleged facts. They further argue that to allow the case to go forward without determining whether the cause of action is based on simple or medical negligence will cause irreparable harm that the presuit screening process was designed to protect against. The plaintiff responds that the trial court is bound by the four corners of the complaint, which alleges a claim of simple negligence. We agree with the doctor and her P.A.
 

 The well-accepted general rule is that the allegations of a complaint must be accepted as true for purposes of a motion to dismiss.
 
 Gowan v. Bay County,
 
 744 So.2d 1136, 1138 (Fla. 1st DCA 1999). However, when the factual allegations belie the conclusory legal allegations, the trial court is permitted to, indeed must, apply the law to the well-pleaded factual allegations and decide the legal issue of whether the complaint sounds in simple or medical negligence.
 
 Brandon v. Pinellas County,
 
 141 So.2d 278, 279 (Fla. 2d DCA 1962) (“Mere statements of opinions or conclusions unsupported by specific facts will not suffice.”).
 

 Under chapter 766, a claim for medical malpractice or negligence is defined as “a claim, arising out of the rendering of, or the failure to render, medical care or services.” § 766.106(l)(a)., Fla. Stat. (2008). Laser hair removal is a medical procedure because it must be performed by a physician or a non-physician supervised by a physician.
 
 See
 
 § 458.348(3), Fla. Stat. (2008);
 
 see also
 
 Fla. Admin. Code R. 64B8-56.002.
 

 The complaint alleges, and there is no doubt, that the doctor is a licensed physician. It further alleges that the doctor performed the laser hair removal. And lastly, the complaint alleges that the procedure caused the plaintiffs injury. The trial court failed to parse the factual allegations from the legal conclusions alleged by the plaintiff.
 
 McRae v. Douglas,
 
 644 So.2d 1368, 1373 (Fla. 5th DCA 1994) (“only well pleaded allegations are accepted”);
 
 Kaufman v. A-1 Bus Lines, Inc.,
 
 363 So.2d 61, 63 (Fla. 3d DCA 1978) (“motion must be decided on questions of law only, keeping to the allegations contained within the complaint”). In failing to do so, the court deviated from the essential requirements of the law. Thus, despite the plaintiffs creative dance around the obvious, this complaint alleges a claim of medical negligence.
 
 [1]
 
 As such, the plaintiff must comply with the presuit screening process.
 

 While we normally do not review orders denying motions to dismiss because there is an adequate remedy at law in the final appeal, declining to do so in this case would cause irreparable harm. The Medical Malpractice Reform Act was designed to provide cost-saving pretrial procedures as a response to the medical malpractice crisis. To allow this case to proceed to a possible judgment, only to be reversed would eliminate the very cost-saving procedures for which the Act was created.
 
 *779
 
 Here, “relief by direct appeal would be no relief at all.”
 
 Pearlstein,
 
 500 So.2d at 587. We therefore find the requisite irreparable harm.
 

 We grant the petition, issue the writ, quash the order, and remand the case to the trial court for dismissal of the plaintiffs complaint for failure to comply with the presuit screening process of section 766.106(2).
 

 Petition Granted.
 

 CIKLIN and LEVINE, JJ„ concur.
 

 [1]
 

 . This is not a case where the alleged injuries arose either before or after the procedure.
 
 See, e.g., Mobley v. Gilbert E. Hirschberg, P.A.,
 
 915 So.2d 217, 219 (Fla. 4th DCA 2005) (concluding the medical treatment had not begun when the plaintiff was hit in the head with a dental x-ray machine). Nor is it a case "[w]here the nub of the plaintiff's claim is a theory of negligence apart from medical malpractice.”
 
 See, e.g., O'Shea v. Phillips,
 
 746 So.2d 1105, 1108 (Fla. 4th DCA 1999) (sexual battery by a neurologist),
 
 receded from on other grounds, Burke v. Snyder,
 
 899 So.2d 336 (Fla. 4th DCA 2005);
 
 see also Tenet St. Mary's Inc. v. Serratore,
 
 869 So.2d 729 (Fla. 4th DCA 2004) (a hospital employee kicking a patient constituted a claim of simple negligence against the hospital).