CORTINAS, J.
 

 While in the Critical Care Unit (“CCU”) at South Miami Hospital (“Hospital”), Alfredo Perez (the “Decedent”) allegedly fell from his hospital bed and sustained injuries. Approximately a week and a half after his fall, Decedent passed away. His widow, Maria Perez, as personal representative of the Decedent’s estate (the “respondent”), filed a lawsuit asserting a count of negligence against the Hospital in connection with her husband’s death. Respondent did not comply with the presuit requirements of chapter 766, Florida Statutes (2008), which include presuit notice as set forth in section 766.106(2)(a), prior to filing the lawsuit. Upon motion by the Hospital, the complaint was dismissed for the respondent’s failure to comply with chapter 766. The respondent then filed an amended complaint, removing the references to the Decedent being a patient at the Hospital and recharacterizing the Decedent as a “business invitee in [the Hospital].” The Hospital filed a motion to dismiss the amended complaint on the same grounds as its previous motion, but it was denied.
 

 The Hospital now petitions this Court for a writ of certiorari quashing the trial court’s order denying its motion to dismiss. We have jurisdiction.
 
 Tenet S. Fla. Health Sys. v. Jackson,
 
 991 So.2d 396 (Fla. 3d DCA 2008). “Certiorari jurisdiction may lie when chapter 766 presuit requirements are at issue.”
 
 Fassy v. Crowley,
 
 884 So.2d 359, 363 (Fla. 2d DCA 2004) (citing
 
 Pearlstein v. Malunney,
 
 500 So.2d 585 (Fla. 2d DCA 1986)). Because the trial court erred in denying the Hospital’s motion, we grant the petition and quash the trial court’s order.
 

 Before an appellate court can grant relief from an erroneous interlocutory order, a petition for certiorari “must satisfy three requirements ... ‘[a] peti
 
 *811
 
 tioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.’ ”
 
 Fassy,
 
 884 So.2d at 363 (quoting
 
 Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 648 (Fla. 2d DCA 1995)). In cases such as the one before us, “[a] nonfi-nal order that erroneously allows a plaintiff to proceed with an action without complying with the presuit requirements of chapter 766 would result in material injury to the defendants that could not be corrected on appeal.”
 
 Corbo v. Garcia,
 
 949 So.2d 366, 368 (Fla. 2d DCA 2007). Furthermore, “[t]he statutes requiring presuit notice and screening ‘cannot be meaningfully enforced postjudgment because the purpose of the presuit screening is to avoid the filing of the lawsuit in the first instance.’ ”
 
 Fassy,
 
 884 So.2d at 363 (quoting
 
 Parkway,
 
 658 So.2d at 649).
 

 Chapter 766 contains several prerequisites for filing a medical malpractice or medical negligence action.
 
 See
 
 §§ 766.106, .203 (Fla.Stat.2008). Section 766.106, for example, sets forth the requirements of presuit notice and presuit investigation by a prospective defendant. This section defines a “ ‘[cjlaim for medical negligence’ or ‘claim for medical malpractice’ [as] a claim, arising out of the rendering of, or the failure to render, medical care or services.” § 766.106(l)(a), Fla. Stat. (2008). “Medical negligence” is defined as “medical malpractice, whether grounded in tort or in contract.” § 766.202(7), Fla. Stat. (2008).
 

 The respondent’s amended complaint alleges that “[o]n or about April 25, 2008, while left unrestrained and unattended in the Critical Care Unit (CCU), Alfredo Perez fell from his hospital bed and suffered a displaced fracture to the surgical neck of the humerus of his left arm.” (emphasis added). The amended complaint further alleges that the Hospital
 

 negligently allowed a dangerous condition on the premises to be created and/or to remain when [the Hospital], by and through its agents and/or representatives, failed to monitor and/or supervise [the Decedent], and that it knew or should have known that such conditions existed for a sufficient length of time in which to place [Hospital] on notice of the dangerous condition.
 

 Respondent disingenuously attempts to avoid the requirements of Chapter 766 by characterizing the Decedent as a mere “business invitee” and arguing that the claim is in fact not a medical negligence or medical malpractice claim “arising out of the rendering of, or the failure to render, medical care or services.” The respondent essentially attempts to conjure up a scenario where the Decedent was 1) in a hospital bed, 2) within the Hospital’s CCU, and 3) under the purported monitoring or supervision of the Hospital’s medical staff but somehow was not in the process of having medical care or services rendered to him. We reject this argument as it flies in the face of logic. “The question in determining if a claim is a medical malpractice claim is whether the plaintiff must rely upon the medical negligence standard of care, as set forth in section 766.102(1)....”
 
 Tenet S. Fla. Health Sys.,
 
 991 So.2d at 399. Section 766.102 provides, in pertinent part:
 

 (1) In any action for recovery of damages based on the death or personal injury of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider as defined in s. 766.202(4),[
 
 1
 
 ] the claimant shall have the burden of proving by the greater weight of evidence
 
 *812
 
 that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider.
 

 The amended complaint alleges that Decedent had been “left unrestrained and unattended” in his hospital bed in the CCU and that the Hospital, “by and through its agents and/or representatives, failed to monitor and/or supervise [the Decedent].” These allegations and the purported injuries suffered by the Decedent clearly arise from the rendering of, or failure to render, medical services to the Decedent. Moreover, “[a]ll of these allegations can be proven only through evidence that the alleged negligent action or inaction of a health care provider, i.e., the nurse or other medical care providers, fell below the prevailing standard of care in the community for that health care provider resulting in injury.”
 
 Tenet S. Fla. Health Sys.,
 
 991 So.2d at 399. Because the respondent’s claim is essentially a medical negligence action, she was required to comply with the presuit notice and other requirements of chapter 766, Florida Statutes. Having failed to do so, the amended complaint should have been dismissed.
 

 Petition for writ of certiorari granted; order quashed.
 

 [1]
 

 . The Hospital falls within the definition of "medical provider.”