PER CURIAM.
We grant a petition for writ of certiorari and quash an order ruling that a negligence count was not subject to the presuit screening requirements of Chapter 766, Florida Statutes (2009).
On January 20, 2008, 76-year-old Thomas Browne was admitted to the emergency room at Indian River Hospital. While there, he fell off a stretcher and suffered head injuries that caused his death. Browne’s estate sued the hospital, alleging that Browne was admitted to the emergency room in a disoriented and confused state and the hospital improperly supervised him and left the bed’s guardrail unsecured.
Count I of the complaint is against the hospital for negligence. Paragraphs 7 and 10 of the complaint allege that the hospital was aware that the decedent was confused and disorientated and violated a duty to exercise reasonable care “given [decedent’s] known condition.” Paragraph 11 details the hospital’s negligence:
a. Defendant failed to follow hospital rules, policies, or procedures intended to protect patients from falling and injuring themselves.
b. Defendant failed to engage the side guardrails on Plaintiffs stretcher to secure Plaintiff in the stretcher.
c. Defendant failed to properly secure the guardrails on Plaintiffs stretcher if guardrails were engaged.
d. Defendant failed to adequately supervise Plaintiff given his known condition.
e. Defendant failed to have adequate policies and procedures to ensure that periodic reassessments of the patient are conducted based on changes in either the patient’s condition, diagnosis, or responsive [sic] to treatment.
f. Defendant failed to implement approved policies specific to Fall Prevention and Management in all departments, to include the Emergency Department.
g. Defendant failed to ensure the implementation of the Risk Management Program to include incident reporting requiring adequate investigation and analysis.
The hospital moved to dismiss the negligence claim for failure to comply with the presuit notice requirement for a medical malpractice action. See § 766.106, Fla. Stat. (2009). As we explained in Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005):
Section 766.106 imposes presuit requirements on a claim for medical negligence or malpractice. Such a claim is one “arising out of the rendering of, or the failure to render, medical care or services.” See Burke v. Snyder, 899 So.2d 336, 338 (Fla. 4th DCA 2005) (citing J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945, 949 (Fla.1994)); § 766.106(1)(a), Fla. Stat. (2004). Claims of simple negligence or intentional torts which do not involve the provision of medical care or services do not require compliance with Chapter 766 presuit requirements. See Lake Shore Hosp. v. Clarke, 768 So.2d 1251 (Fla. 1st DCA 2000) (court held that patient’s negligence claim arising from a slip and fall between her hospital bed and bathroom was not a cause of action for medical negligence subject to presuit requirements); Garcia v. Psychiatric Insts. of Am., Inc., 693 So.2d 66 (Fla. 5th DCA), rev. denied, 700 So.2d 687 (1997).
The complaint alleges a medical negligence claim. The standard of care for the hospital’s treatment of Browne is based in part on the hospital’s evaluation of his medical condition when he was ad *239 mitted to the emergency room. Another aspect of plaintiffs claim is that the hospital failed to implement adequate procedures to protect emergency room patients from falling from hospital beds. The adequacy of the hospital’s procedures depends on the prevailing professional standard for managing and supervising those admitted to emergency rooms. These types of issues arise out of the rendering of, or the failure to render, medical care or services.
We distinguish this case from Reeves v. North Broward Hosp. District, 821 So.2d 319 (Fla. 4th DCA 2002), upon which the estate relies. In Reeves, a home health care nurse accompanied one of her frail patients to the emergency room, where he was admitted. While a hospital employee was transferring the patient from a gurney to a bed, Reeves believed the patient was going to roll off because the employee failed to engage the guardrail. Reeves grabbed the patient to save him from falling and injured herself in the process. She sued, alleging ordinary negligence, invoking the rescue doctrine, and medical negligence in a separate count. This court affirmed the trial court’s summary judgment in favor of the hospital on the medical negligence claim, holding that the case was not one of medical negligence Id. at 322.
Reeves does not support the estate’s position that this case does not involve medical negligence. The plaintiff in Reeves was not at the hospital for her own treatment; she was there to assist a patient. She “received no medical services from the Hospital that required the use of professional judgment or skill.” Id. at 322. In this case, Browne was the patient admitted to the emergency room and the estate alleges that the hospital failed to properly supervise him given his confusion and disorientation.
This case closely resembles South Miami Hospital v. Perez, 38 So.3d 809 (Fla. 3d DCA 2010). Similar to this case, the amended complaint in Perez alleged that the decedent was left “unrestrained and unattended” in his hospital bed in the critical care unit and that the hospital failed to properly supervise him given his known condition. Id. at 812. The third district held that the amended complaint stated a claim for medical negligence subject to the presuit notice requirements of Chapter 766, because the claim could be proven only through evidence that the hospital agents fell below the prevailing standard of professional care. Id.
We grant the petition for writ of certio-rari, holding that the complaint is one of “medical negligence” under section 766.106(1)(a). We remand to the circuit court for further proceedings.
GROSS, C.J., WARNER and DAMOORGIAN, JJ., concur.