HAZOURI, J.
 

 George C. Grimsley (“Grimsley”) appeals the trial court’s grant of summary final judgment in favor of General Motors Acceptance Corporation (“GMAC”). We affirm the summary final judgment and remand back to the trial court to correct a scrivener’s error.
 

 Grimsley filed an amended complaint against Moody, Jones, Ingino & Morehead, P.A. (“Moody”) and GMAC, alleging negligence and violations of the Fair Debt Collection Practices Act. GMAC filed a counter-claim against Grimsley, seeking $5689.15 in damages for Grimsley’s default on a motor lease agreement. GMAC then moved for summary final judgment and Grimsley filed a response.
 

 Ultimately, the trial court entered summary final judgment in favor of GMAC. The trial court included a handwritten note at the bottom of the typed order granting summary final judgment which stated that “[t]he court considered the opposition filed by A [defendant] as well as payments. As a matter of law, there are issues of a material fact.”
 

 “The standard of review of an order granting summary judgment is de novo.”
 
 Bender v. CareGivers of Am., Inc.,
 
 42 So.3d 893, 894 (Fla. 4th DCA 2010) (quoting
 
 Mobley v. Gilbert E. Hirschberg, P.A.,
 
 915 So.2d 217, 218 (Fla. 4th DCA 2005)). ‘When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action.”
 
 Id.
 
 at 894 (quoting
 
 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004) (citations omitted)). Rather, the court’s role is to determine whether the record conclusively shows that the moving party proved a negative, that is, “the nonexistence of a genuine issue of a material fact.”
 
 Id.
 
 (citation omitted).
 

 In the instant case, the trial court did not err in granting summary final judgment in GMAC’s favor. Grims-ley does not dispute that he surrendered the subject vehicle prior to the lease’s termination date and that a resulting balance was due and owing to GMAC. Rather, Grimsley argues the existence of issues of material fact which are not material to GMAC’s claim for damages. “Issues of nonmaterial facts are irrelevant to the summary judgment determination.”
 
 Cont’l Concrete, Inc. v. Lakes at La Paz III Ltd. P’ship,
 
 758 So.2d 1214, 1217 (Fla. 4th DCA 2000) (citing Fla. R. Civ. P. 1.510(c)). While the trial court included a handwritten note at the bottom of its typed order granting summary final judgment stating “[a]s a matter of law, there
 
 *763
 
 are issues of a material fact,” it appears that the trial court omitted an important word, intending to write there are
 
 no
 
 issues of a material fact.
 

 Accordingly, we affirm the summary final judgment and remand to the trial court with directions that the scrivener’s error be corrected with an amended summary final judgment
 
 nunc pro tunc
 
 to October 6, 2010.
 

 Affirmed and Remanded.
 

 TAYLOR and LEVINE, JJ., concur.