STEVENSON, J.
In her Second Amended Complaint, Christine Stubbs alleges that hospital orderly Lorenzo Rivera instructed her to move from a test bed to a gurney and that she fell while attempting this due to Rivera’s negligence in failing to exercise reasonable care in assisting her and in failing to prevent her fall. Rivera and his employer, Surgi-Staff, Inc., ultimately moved for summary judgment, arguing the undisputed facts demonstrated Stubbs’ claims were ones for medical negligence and thus barred by the relevant statute of limitations and the failure to comply with Florida Statutes chapter 766’s pre-suit requirements. The trial court agreed and entered final judgment in favor of the defendants. In this appeal, Stubbs challenges that ruling. We affirm.
A claim for negligence is subject to chapter 766’s pre-suit requirements and a two-year statute of limitations “if ‘[t]he wrongful act [is] directly related to the improper application of medical serviees[ ] and the use of professional judgment or skill.’ ” Corbo v. Garcia, 949 So.2d 366, 368 (Fla. 2d DCA 2007) (quoting Lynn v. Mount Sinai Med. Ctr., Inc., 692 So.2d 1002, 1003 (Fla. 3d DCA 1997)). “‘The *71 key inquiry ... is whether the action aris[es] out of ... medical ... diagnosis, treatment, or care.’ ” Id. (quoting Fassy v. Crowley, 884 So.2d 359, 364 (Fla. 2d DCA 2004)). “The injury must be a direct result of receiving medical care or treatment by the healthcare provider.” Quintanilla v. Coral Gables Hosp., Inc., 941 So.2d 468, 469 (Fla. 3d DCA 2006). Where the relevant underlying facts are undisputed or must be taken as true given the procedural posture of the case, the question of whether the alleged negligence arises out of the provision of medical care or treatment is one of law. See S. Baptist Hosp. of Fla., Inc. v. Ashe, 948 So.2d 889, 890 (Fla. 1st DCA 2007).
Together, Stubbs’ deposition and Rivera’s affidavit establish the following undisputed facts. Stubbs was given contrast dye for a CT scan. Prior to the procedure, she was introduced to Rivera, a nurse, not an orderly as alleged in the complaint. During the scan, Stubbs began to vomit. After the scan was complete, the CT technician called Rivera into the room to assess Stubbs, believing she was suffering an allergic reaction to the dye. Rivera instructed Stubbs to move from the CT table to a gurney he brought into the room, but Stubbs fell and was injured when she attempted to get off the table and move to the gurney. Subsequently, Rivera gave Stubbs oxygen and attached EKG leads and she was treated by ER doctors.[1]
We find that the trial court correctly applied the controlling case law in concluding that the complaint sounded in negligence attributable to Rivera’s provision of medical care and services. Compare Neil-inger v. Baptist Hosp. of Miami, Inc., 460 So.2d 564, 566 (Fla. 3d DCA 1984) (finding that action arose from the provision of medical care and services where maternity patient sued hospital for negligence based on injuries sustained when she “slipped and fell on a pool of amniotic fluid while she was descending from an examination table under the direction and care of hospital employees”), and Indian River Mem’l Hosp., Inc. v. Browne, 44 So.3d 237 (Fla. 4th DCA 2010) (holding that claims of disoriented 76-year-old, who was admitted to ER and fell out of stretcher, alleging, among other things, negligence in failing to engage and/or properly secure railings, and failing to follow hospital rules and procedures to prevent falls were claims arising out of provision of medical care or services), with Quintanilla, 941 So.2d at 470 (holding allegations of negligence based on nurse’s spilling hot tea on patient were claims of ordinary negligence not claims of negligence in provision of medical care or services), and Tenet St. Mary’s, Inc. v. Serratore, 869 So.2d 729 (Fla. 4th DCA 2004) (holding that patient’s claim alleging he was injured when, following dialysis treatment, hospital employee attempted to return patient’s chair to an upright position by kicking footrest and, instead, kicked patient was one sounding in ordinary negligence).
As in Neilinger v. Baptist Hospital of Miami and Indian River Memorial Hospital, Inc. v. Browne, we find that the gravamen of the negligence alleged in the instant case arose from the provision of medical care and services. Having considered the remaining issues raised, we af *72 firm the final summary judgment on review.

Affirmed.

CIKLIN, J., concurs.
MAY, C.J., specially concurs with opinion.

. These same documents suggest there is a dispute as to whether Stubbs told Rivera she was weak and dizzy and did not believe she could move to the gurney or whether Stubbs told Rivera she felt capable of doing so and a dispute as to whether, after the fall, Rivera believed Stubbs should immediately seek further treatment or go home. These disputes, though, are not germane to the critical question — whether Rivera was providing medical care or services when he instructed Stubbs to move to the gurney and when Stubbs fell.