DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORTH BROWARD HOSPITAL DISTRICT** d/b/a **BROWARD HEALTH CORAL SPRINGS,**
Petitioner,

v.

**MICHAEL SLUSHER,**
Respondent.

No. 4D19-1868

[August 21, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Judge; L.T. Case No. CACE 19-005942.

Timothy D. Kenison and William T. Viergever of Sonneborn Rutter Viergever Burt & Lury, P.A., West Palm Beach, for petitioner.

Michele K. Feinzig of Michele K. Feinzig, P.A., Coral Springs, for respondent.

MAY, J.

At issue is whether a nurse who allegedly caused a patient, designated as a "fall risk," to fall while helping the patient out of his hospital bed sounds in medical negligence. We answer the question in the affirmative and grant certiorari relief.

The hospital petitions for a writ of certiorari from an order denying its motion to dismiss. The hospital argues the plaintiff's failure to comply with the presuit requirements of Florida's medical malpractice statute, section 766.106, Florida Statutes (2019), requires dismissal. The plaintiff responds that the allegations sound in general negligence, which does not require compliance with the statute.

The plaintiff was admitted to the hospital to undergo medical procedures. The hospital classified the plaintiff as a "fall risk." The day after admission, the plaintiff fell while being transferred from a hospital

bed to use the bathroom when the nurse assisting him answered her phone in the process.

The hospital moved to dismiss the complaint. At the hearing, the hospital argued that the plaintiff failed to comply with the presuit requirements of Chapter 766 and that the complaint should be dismissed. Plaintiff's counsel responded that the nurse's actions did not involve professional skill or judgment. The trial court denied the motion. From that order, the hospital now petitions this Court for certiorari relief.

To be a medical malpractice claim, the cause of action must arise from medical, dental, or surgical diagnoses, treatment or care. *JB v. Sacred Heart Hosp. of Pensacola*, 635 So. 2d 945, 947 (Fla. 1994). "[T]he alleged wrongful act must be directly related to the improper application of medical services to the patient and the use of professional judgment or skill." *Reeves v. N. Broward Hosp. Dist.*, 821 So. 2d 319, 322 (Fla. 4th DCA 2002). The test is whether the claim can exist independent of any standard of care imposed on a health care provider. *Mobley v. Gilbert E. Herschberg, P.A.*, 915 So. 2d 217, 218 (Fla. 4th DCA 2005).

In *Indian River Memorial Hospital v. Browne*, 44 So. 3d 237 (Fla. 4th DCA 2010), we granted certiorari and held that a similar claim sounded in medical negligence. There, the complaint alleged that an orderly was negligent in leaving a patient, who had been admitted to the emergency room, unattended in a hospital bed with the guardrail down:

> The complaint alleges a medical negligence claim. The standard of care for the hospital's treatment of Browne is based in part on the hospital's evaluation of his medical condition when he was admitted to the emergency room. Another aspect of plaintiff's claim is that the hospital failed to implement adequate procedures to protect emergency room patients from falling from hospital beds. The adequacy of the hospital's procedures depends on the prevailing professional standard for managing and supervising those admitted to emergency rooms. These types of issues arise out of the rendering of, or the failure to render, medical care or services.

*Id.* at 238–39; *see also S. Miami Hosp., Inc. v. Perez*, 38 So. 3d 809 (Fla. 3d DCA 2010).

The hospital also relies on *Buck v. Columbia Hospital Corp. of South Broward*, 147 So. 3d 604 (Fla. 4th DCA 2014). There, the complaint alleged the hospital's employees accidentally dropped the patient onto a

hard x-ray table surface from a gurney. *Id.* at 605. We held the claim involved allegations of medical negligence. *Id.* at 607.

Most recently, our supreme court limited the application of the presuit screening statute to "medical malpractice claims . . . that are directly related to medical care or services, which require the use of professional judgment or skill." *Nat'l Deaf Acad., LLC v. Townes*, 242 So. 3d 303, 314 (Fla. 2018). The supreme court concluded that the decision to attempt a restraining technique on a mentally ill patient did not directly relate to medical care or services. *Id.*

In rendering its decision, the supreme court disapproved of *Shands Teaching Hospital & Clinics, Inc. v. Estate of Lawson*, 175 So. 3d 327 (Fla. 1st DCA 2015). There, the First District held that "a claim arising out of a psychiatric hospital employee leaving her keys and badge unattended, which resulted in a patient's death, sounded in medical malpractice." *Townes*, 242 So. 3d at 305 (citing *Shands*, 175 So. 3d at 328). In footnote 6, the supreme court explained:

> *Perez* and *Browne* fall into a gray area. Whether the kinds of claims presented in those cases sound in ordinary or medical negligence depends on both the specific circumstances under which the injury occurred and the allegations in the pleadings. Because we conclude that the facts of those cases are sufficiently distinguishable from this case and *Shands*, we neither approve nor disapprove them. However, we reiterate that the fact an injury occurs in a hospital does not automatically transform the claim into one for medical malpractice.

*Id.* at 312 n.6.

The hospital argues that the present claim involves the sufficiency of the nurse's supervision of an admitted patient who was deemed to be a "fall risk" and that the plaintiff will have to rely on the professional standard of care that exists for nurses transferring patients from beds. We agree. These allegations, like those in *Perez* and *Browne*, fall within that "gray area" identified in *Townes*.

The alleged exercise of professional judgment here, while arguably also involving common sense, will depend on the standard of nursing care in transferring a patient from the hospital bed. For this reason, we grant the petition and quash the trial court's order denying the motion to dismiss.

3

*Petition granted.*
GERBER, J., concurs.
TAYLOR, J., dissenting with opinion.

TAYLOR, J., dissents with opinion.

I respectfully dissent. The trial court correctly denied the hospital's motion to dismiss because the plaintiff's complaint asserted a garden-variety negligence claim that did not depend on the professional standard of care imposed on a medical provider.

In *National Deaf Academy, LLC v. Townes*, 242 So. 3d 303, 305 (Fla. 2018), the Florida Supreme Court held that "for a claim to sound in medical malpractice, the act from which the claim arises must be directly related to medical care or services, which require the use of professional judgment or skill." A court's inquiry on this issue "involves determining whether proving the claim requires the plaintiff to establish that the allegedly negligent act 'represented a breach of the prevailing professional standard of care,' as testified to by a qualified medical expert." *Id.* at 311–12.

The law draws a distinction between medical care and routine hospital care. *See, e.g.*, *Kastler v. Iowa Methodist Hosp.*, 193 N.W.2d 98, 101–02 (Iowa 1971) (holding that a hospital's activity in giving patients showers constituted routine care, rather than medical care). The *Townes* decision is consistent with this principle. As our supreme court emphasized in *Townes*, "the fact an injury occurs in a hospital does not automatically transform the claim into one for medical malpractice." 242 So. 3d at 312 n.6.

Here, the act from which the plaintiff's claim arises was not directly related to medical care or services requiring the use of professional judgment or skill. The gravamen of the complaint was that the nurse breached the duty of reasonable care by answering her telephone while assisting the plaintiff out of his hospital bed, causing her to drop the plaintiff. Notably, although the complaint alleges that the plaintiff was a fall risk, the complaint does not allege that the hospital was negligent in its professional assessment concerning the level of monitoring or assistance that the plaintiff required. *Cf. Indian River Mem'l Hosp. v. Browne*, 44 So. 3d 237, 238–39 (Fla. 4th DCA 2010) (holding that a complaint arising out of a fall from a stretcher alleged a medical negligence claim where the plaintiff's allegations raised issues concerning the adequacy of the hospital's procedures, which depended upon the prevailing professional standard of care).

4

The routine task of assisting a patient out of bed is not an act directly related to medical care or services requiring the use of professional judgment or skill. But even if there were some circumstances where helping a patient out of bed could be considered an act of medical care requiring professional judgment or skill, the plaintiff's claim here is not that the nurse used an improper procedure or applied improper professional judgment when helping him out of bed. Instead, the plaintiff's theory of liability is that the nurse answered her phone and dropped him while helping him out of bed. The nurse's alleged decision in this case to stop assisting the plaintiff in order to answer the phone cannot be deemed an act requiring the use of professional judgment or skill. *See Mobley v. Gilbert E. Hirschberg, P.A.*, 915 So. 2d 217, 218–19 (Fla. 4th DCA 2005) ("Deciding how to unstick the arm of the x-ray machine was not a medical service requiring the use of a medical professional's judgment or skill."); *Tenet St. Mary's Inc. v. Serratore*, 869 So. 2d 729, 731 (Fla. 4th DCA 2004) ("There is clearly no professional standard of care involved in attempting to kick a footrest of the reclining chair to return it to its upright position.").

Quite simply, the complaint in this case does not allege professional negligence, but instead alleges ordinary negligence. Proving the plaintiff's claim "will not require testimony from a medical expert on the professional standard of care." *Townes*, 242 So. 3d at 314. Based on the allegations in the complaint, a jury could easily determine—without the help of expert testimony—that the nurse committed ordinary negligence by failing to exercise reasonable care when she answered the phone and allowed the plaintiff to fall. In other words, the nurse allegedly deviated from what *any* reasonable person would do while assisting another person out of bed. This is not a claim for medical malpractice.

Because the trial court got it right, I would deny the petition.

*        *        *

**_Not final until disposition of timely filed motion for rehearing._**