DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARTIN MEMORIAL HEALTH SYSTEMS, INC.,** d/b/a
**CLEVELAND CLINIC MARTIN HEALTH,** and
**MARTIN MEMORIAL MEDICAL CENTER, INC.,** d/b/a
**CLEVELAND CLINIC MARTIN NORTH HOSPITAL,**
not for profit corporations,
Petitioners,

v.

**VINCENT GORHAM, III,** as Personal Representative of
the **ESTATE OF EILEEN GORHAM,** decedent,
Respondent.

No. 4D21-2949

[April 20, 2022]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet, Judge; L.T. Case No. 21-000488CAAXMX.

Michael R. D'Lugo of Wicker Smith O'Hara McCoy & Ford, P.A., Orlando, for petitioners.

Daniel S. Rosenbaum, Steven R. Braten and Dina L. Rosenbaum of Rosenbaum PLLC, West Palm Beach, for respondent.

KUNTZ, J.

Martin Memorial Health Systems, Inc., and Martin Memorial Medical Center, Inc. ("Martin Memorial"), petition for a writ of certiorari, requesting we quash the circuit court's order denying their motion to dismiss the medical negligence lawsuit which Vincent Gorham, III filed, as personal representative of the Estate of Eileen Gorham. Martin Memorial argues that Gorham failed to satisfy pre-suit requirements for bringing a medical negligence action. In response, Gorham asserts the lawsuit involves a claim of ordinary negligence, not medical negligence, rendering the pre-suit requirements inapplicable. We grant the petition, quash the order denying Martin Memorial's motion to dismiss, and direct the circuit court to enter an order granting Martin Memorial's motion to dismiss.

*Background*

This lawsuit involves the unfortunate death of Eileen Gorham.  After her death, her son Vincent Gorham, III, as personal representative, filed suit seeking damages allegedly arising from Martin Memorial's "carelessness and negligence."

Vincent Gorham alleged that Eileen Gorham's children brought her to Martin Memorial because she was ill.  Allegedly, Eileen arrived at the hospital with a walker, which she required to walk, but the hospital did not "let [her] keep [her] own walker."[1]  More than once, Eileen's children told the nursing staff that she required a walker and could not walk without one.  In response, the nursing staff said they would either "provide one" or that the nurses "would take care of it."  A nurse also told the children that Eileen's bed had an alarm that would ring if she tried to get off the bed.

The night after she was admitted, Eileen fell while trying to get to the bathroom.  Her daughter was called and informed about the fall and told that Eileen had a "slight fracture."  Three weeks later, Eileen's treating orthopedic surgeon informed her children that she sustained three fractures of her pelvis.

Eileen Gorham died shortly after, and the injuries sustained from the fall were allegedly a substantial cause of her death.

*Analysis*

i.  *Chapter 766's Pre-suit Requirements*

In Florida, "[n]o action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or in contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant." § 766.104(1), Fla. Stat. (2019).

A claimant is also required "to ascertain that there are reasonable grounds to believe that: (a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and (b) Such negligence

---

[1] Vincent Gorham's explained to the circuit court that Eileen Gorham "came in with a walker" and that "the family explained to the emergency room people that she would need a walker 'cause they don't let you keep your own walker.'"

resulted in injury to the claimant." § 766.203(2)(a)-(b), Fla. Stat. (2019). That same subsection requires the claimant to provide corroboration of the reasonable grounds to initiate the litigation by submitting "a verified written medical expert opinion from a medical expert as defined in s. 766.202(6). . . ." *Id.*

Finally, after obtaining the pre-suit corroboration required by section 766.203(2), "and prior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence." § 766.106(2)(a), Fla. Stat. (2019).

These pre-suit requirements "apply to all medical negligence claims and defenses," section 766.203(1), Florida Statutes (2019), and when a claimant fails to satisfy these requirements, "the court shall dismiss the claim." § 766.206(2), Fla. Stat. (2019).

### ii. Is This a Claim for Medical Negligence?

Vincent Gorham failed to satisfy chapter 766's pre-suit requirements. But was he required to do so? He thinks not, explaining to the circuit court that he "did not comply with the statutory pre-suit provisions because the acts . . . did not arise out of the medical care and treatment for which the decedent was admitted, but out of ordinary negligence." If compliance was required, we must quash the order denying Martin Memorial's motion to dismiss.

The pre-suit requirements apply if the claim was one for medical negligence. And to be a claim for medical malpractice, "the act from which the claim arises must be directly related to medical care or services, which require the use of professional judgment or skill." *Nat'l Deaf Acad., LLC v. Townes*, 242 So. 3d 303, 305 (Fla. 2018). In other words, medical negligence claims are limited to those that directly relate to medical care or services. *Id.* at 314.

We explored a similar question in *Indian River Memorial Hospital v. Browne*, 44 So. 3d 237 (Fla. 4th DCA 2010). In *Browne*, while at the emergency room, the patient "fell off a stretcher and suffered head injuries that caused his death." *Id.* at 238. The estate sued the hospital, alleging the patient was "admitted to the emergency room in a disoriented and confused state and the hospital improperly supervised him and left the bed's guardrail unsecured." *Id.* The hospital moved to dismiss because the plaintiff did not satisfy the pre-suit notice requirements for a medical

3

negligence action. *Id.* The circuit court denied the motion and the hospital petitioned for writ of certiorari. *Id.* In granting the petition, we explained:

> The standard of care for the hospital's treatment of Browne is based in part on the hospital's evaluation of his medical condition when he was admitted to the emergency room. Another aspect of plaintiff's claim is that the hospital failed to implement adequate procedures to protect emergency room patients from falling from hospital beds. The adequacy of the hospital's procedures depends on the prevailing professional standard for managing and supervising those admitted to emergency rooms. These types of issues arise out of the rendering of, or the failure to render, medical care or services.

*Id.* at 238–39. We concluded "that the complaint is one of 'medical negligence' under section 766.106(1)(a)." *Id.* at 239.

In *Townes,* the Florida Supreme Court discussed our decision in *Browne.* 242 So. 3d at 312 n. 6. The court explained that *Browne,* and cases like it, "fall into a gray area." *Id.* And, "[w]hether the kinds of claims presented in those cases sound in ordinary or medical negligence depends on both the specific circumstances under which the injury occurred and the allegations in the pleadings." *Id.*

After *Townes,* we reviewed a case with similar issues in *North Broward Hospital District v. Slusher,* 279 So. 3d 162 (Fla. 4th DCA 2019). In *Slusher,* the issue was "whether a nurse who allegedly caused a patient, designated as a 'fall risk,' to fall while helping the patient out of his hospital bed sounds in medical negligence." *Id.* at 163. The hospital argued that "the present claim involves the sufficiency of the nurse's supervision of an admitted patient who was deemed to be a 'fall risk' and that the plaintiff will have to rely on the professional standard of care that exists for nurses transferring patients from beds." *Id.* at 164. We agreed with the hospital, granted the petition, and explained that "[t]he alleged exercise of professional judgment here, while arguably also involving common sense, will depend on the standard of nursing care in transferring a patient from the hospital bed." *Id.*

We distinguish this case from those cases upon which Vincent Gorham relies, including *Feifer v. Galen of Florida, Inc.,* 685 So. 2d 882 (Fla. 2d DCA 1996). The plaintiff in *Feifer* entered the hospital with his wife and was told by an "admission area employee" that the husband and wife would have to walk to the various areas of the building on their own power. *Id.* at 883. While walking back from the various areas of the premises, the

4

plaintiff fell to the floor and suffered a broken hip. *Id.* at 884. The plaintiff sought damages for the actions of "nonprofessional employees" before any medical care was provided. *Id.*

Later, the Second District distinguished *Feifer* in *Corbo v. Garcia*, 949 So. 2d 366, 370 (Fla. 2d DCA 2007). The Second District wrote that unlike in *Feifer*, the plaintiff in *Corbo* "[could not] show negligence without showing that petitioners were negligent in their medical treatment of [her]." *Id.* While the medical negligence in *Feifer* "did not directly relate to the rendering of medical treatment," in *Corbo* the "medical negligence standard of care . . . must be proved." *Id.* Unlike in *Feifer*, in *Corbo*, the claim involved more than just the failure to maintain the premises. *Id.*

This case falls within the gray area discussed in *Townes*. 242 So. 3d at 312 n.6; *see also Slusher*, 279 So. 3d at 162 ("These allegations . . . fall within that 'gray area' identified in *Townes*."). Like the plaintiff's claim in *Slusher*, Vincent Gorham's claim involves the nurses' professional standard of care. He alleged that Martin Memorial breached a duty "by failing to provide [the patient with] a walker, even after it was repeatedly requested by her children; by failing to put a 'Fall Risk' wrist band on [the patient]; failing to put 'Fall Risk' stickers in the room; failing to put 'Fall Risk' placards, even when requested by [the patient's] children, failing to put 'Fall Risk' notations on the Board in [the patient's] room." The decision to give (or take away) a device to help the patient walk (and not fall) sounds in medical negligence and was directly related to the use of professional judgment or skill. *See Corbo*, 949 So. 2d at 369 (citation omitted). And the claims challenging the use of that professional judgment will be decided based on the standard of nursing care.

*Conclusion*

Putting aside the labels, the complaint alleged Eileen Gorham fell because of negligent nursing conduct. As a result, Vincent Gorham needed to comply with chapter 766's pre-suit notice requirements. Because he admittedly failed to do so, we grant the petition, quash the circuit court's order denying Martin Memorial's motion to dismiss, and direct the circuit court to enter an order granting Martin Memorial's motion to dismiss.

MAY and GERBER, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**